**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAWN DAVIS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| OFFICER JUNG, UNKNOWN OFFICER, and | ) | |
| THE CHICAGO POLICE DEPARTMENT, | ) | |
|     Defendants. | ) | |

## **COMPLAINT**

NOW COMES the Plaintiff, DAWN DAVIS, by and through her attorney, John C. Greenlees, Ltd. and complaining against the Defendant OFFICER JUNG and THE CHICAGO POLICE DEPARTMENT state as follows:

### INTRODUCTION

1. This action is brought seeking damages as redress for Defendants' violation of the Plaintiffs' rights enumerated under the Fourth and Fourteenth Amendments to the Constitution of the United States of America, which violations resulted from the Defendants' unlawful and unauthorized use of excessive force and unlawful arrest, relating to a traffic stop on or about May 19, 2011 which caused the Plaintiff significant and severe damages, including personal and pecuniary injuries.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Sec.1331 and Sec.1343(a)(3) as the Federal Claims are brought under 42 U.S.C. Sec.1983 and venue pursuant to 28 U.S.C. Sec.1391(b) as the majority of parties reside in this district and the events giving rise to the claims occurred in this district. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. Sec.1367(a).

## THE PARTIES

3. On May 19, 2011 the Plaintiff, DAWN DAVIS, a citizen of this country, enjoyed all rights and entitlements enumerated in the Constitution of the United States of America and all Amendments thereto.

4. The Defendant, OFFICER JUNG was a duly sworn peace officer under the laws of the State of Illinois possessed of law enforcement authority under Illinois law, and at all relevant times set forth herein was acting under color of law and within the scope of his employment with the City of Chicago. Defendant Officer Jung is sued in his individual capacity. Upon information and belief, the Defendant resides in Cook County, Illinois.

5. The Defendant, CHICAGO POLICE DEPARTMENT (City of Chicago) is a municipal corporation organized and chartered under the laws of the State of Illinois, obligated to indemnify employees for judgments resulting from conduct occurring within the scope of employment and employing unknown police officers or police personnel herein. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments and employees and for injury occasioned thereby. It was also the public employer of Defendant Jung.

## STATEMENT OF FACTS

6. On or about May 19, 2011 plaintiff was a passenger in a vehicle stopped by Chicago Police Officers.

7. The officers had the driver step outside the vehicle and asked for identification and insurance information. The driver produced his driver's license and proof of insurance.

8. Two officers, one of whom was Defendant Jung, and an as yet unidentified officer, thereafter approached the vehicle where plaintiff was sitting, talking on her cellular phone.

9. The two officers, without probable cause or reasonable suspicion to believe any crime was being committed, and without any reasonable or articulable fear for their safety, having already determined that the driver was properly licensed and insured, looked inside, and Defendant Jung yelled at the Plaintiff to get off the cell phone.

10. Plaintiff began telling the person she was talking to that the police were yelling at her and Defendant Jung, without probable cause or reasonable suspicion to believe any crime was being committed, and without any reasonable or articulable fear for his safety, ordered the Plaintiff to get out of the car.

11. Plaintiff was breaking off her cell phone conversation, and attempting to open the broken car door, when Defendant Jung suddenly yanked open the door from the outside, and forcefully grabbed the plaintiff's arm.

12. The second, unidentified officer grabbed the cell phone from plaintiff's hand and plaintiff was pushed to a police car, where Defendant Jung forcefully spread her legs, yelled at her, pushed her head on the car, and forced one arm back behind her back, lifting her up off the ground and injuring her wrist while twisting it, causing her intense pain.

13. Defendant Jung placed handcuffs on the plaintiff's wrists extremely tightly, causing her additional pain.

14. Plaintiff had not violated any law, statute, or ordinance, and Defendant Jung did not have probable cause nor reasonable suspicion to believe she had committed any crime or violation of law.

15. Prior to being forcefully removed from the vehicle by Defendant Jung yanking her out by the arm, plaintiff had no physical contact with the officers and had not obstructed nor interfered with any action they were taking as police officers.

16. The driver of the vehicle was not charged with any crime, ordinance violation, or traffic offense. No other person was arrested at the scene of the traffic stop.

17. Plaintiff had marks on her arms, and complained that Defendant Jung had injured her.

18. Plaintiff was brought to the police station where Defendant Jung charged her with Obstruction. Plaintiff was thereafter released on bond.

19. After her release, Plaintiff obtained medical treatment for the injury to her wrist and injuries to her arms. As a result of her injuries Plaintiff had to miss work.

20. After two court appearances, the obstructing charge was dismissed.

## COUNT I
## FOURTH AMENDMENT VIOLATION
## EXCESSIVE FORCE 42 U.S.C. Sec. 1983

21. Plaintiff incorporates herein paragraphs 1 – 20 above as though fully set forth herein.

22. At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures and to be secure in her person, effects and property, including freedom from the use of unreasonable and/or excessive force against her.

23. On May 19, 2011 Defendant Jung used unlawful and unreasonable force against the Plaintiff without lawful justification.

24. Defendant Jung unlawfully physically assaulted and/or brutalized the Plaintiff in a manner that was unnecessary to restrain her, obtain her compliance, or accomplish a lawful purpose in that he grabbed plaintiff by the arm, forcefully pulled her from the vehicle, pushed her head into the squad car, twisted her arm behind her back and applied excessive pressure, lifting her feet from the ground, and purposely placed handcuffs on her wrists so tightly they left marks.

25. As described above, the conduct of Defendant Jung was intentionally carried out, under

color of law and within the scope of her employment, with willful, wanton, reckless disregard, and/or deliberate indifference to the health and welfare, and rights, of the Plaintiff, and constituted the excessive use of force in violation of the Fourth Amendment.

26. As the proximate result of the unlawful and excessive use of force by Defendant Jung, which violated the rights of the Plaintiff Dawn Davis, the Plaintiff has suffered and continues to suffer injuries of a personal and pecuniary nature.

WHEREFORE the Plaintiff demands judgment against Defendant Jung for compensatory and punitive damages, costs incurred herein and attorney fees, in a sum in excess of $20,000.00.

### COUNT II
### FOURTH AMENDMENT VIOLATION
### UNLAWFUL ARREST, SEIZURE, AND RESTRAINT
### 42 U.S.C. Sec. 1983

27. Plaintiff incorporates herein paragraphs 1 – 20 above as though fully set forth herein.

28. At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizure of her person and to be secure in her person from having her liberty unlawfully restrained.

29. On or about May 19, 2011 Defendant Jung effected the unlawful seizure, detention, and restraint of the Plaintiff, without lawful authority in the form of reasonable articulable suspicion, probable cause, a judicial warrant or writ, or other factual or legal justification in that he placed Plaintiff in handcuffs, drove her to the police station, held her there against her will, swore out a complaint or otherwise caused plaintiff to be charged with Obstructing, and thereafter caused her to be released on bond following this arrest.

30. Plaintiff was required to appear in Court two times on this otherwise unlawful charge before it was dismissed.

31. Defendant charged and arrested plaintiff for the offense of obstructing, and caused her to

be held to bail for that offense, knowing that the plaintiff had not obstructed the defendant officer or any other officer in any way prior to her arrest.

32. At all times relevant herein, Defendant Jung was acting under color of law and her individual conduct as described hereinabove was done with willful, wanton, reckless disregard, and/or deliberate indifference to the rights of the Plaintiff.

33. Defendants' individual acts violated Plaintiff's right to be free from unreasonable seizures of her person, and unlawful arrest and prosecution, as provided in the Fourth Amendment to the United States Constitution and has caused Plaintiff to suffer and will in the future continue to suffer, severe damages including loss of reputation, mental anguish, emotional distress and legal expenses as alleged herein.

WHEREFORE the Plaintiff demands judgment against Defendant Jung for compensatory and punitive damages, costs incurred herein and attorney fees, in a sum in excess of $ 20,000.00.

COUNT III
FOURTH, FIFTH, AND FOURTEENTH AMENDMENT VIOLATION
UNLAWFUL SEARCH, EXCESSIVE FORCE AND DEPRIVATION OF LIBERTY
(FAILURE TO INTERVENE)
42 U.S.C. Sec. 1983

34. Plaintiff incorporates herein paragraphs 1 – 20 above as though fully set forther herein.

35. At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures, including the use of excessive force, along with the right to be free from unlawful and false arrest, and to be secure in his person, personal effects, and property.

36. On or about May 19, 2011 an unknown sworn officer stood by and failed to intervene to prevent the unconstitutional and unreasonable search, detentions, arrest, seizure,

and use of excessive force, and to prevent physical violence and other damage to which Plaintiff was being subjected to at the hands of Defendant Jung. At all relevant times herein, Defendant Jung , and the unknown officer, were acting under color of law and within the scope of their employment.

37. As the proximate result of the failure of the Unknown Defendant Officer to intervene on behalf of the Plaintiff to prevent the use of excessive force, or the unreasonable search and seizure of his person and property, or the unlawful arrest and false charging, despite the clear need and unreasonable opportunity to do so, the Plaintiff has suffered and continues to suffer injuries of a personal and pecuniary nature, loss of property, loss of reputation, humiliation, mental anguish, emotional distress, and legal expenses, as alleged herein.

WHEREFORE the Plaintiff demands judgment against the Defendant Unknown Officer for compensatory and punitive damages, costs incurred herein and attorney fees, in a sum in excess of $20, 000.00.

## COUNT IV
## 42 U.S.C. Sec. 1983 VIOLATION
## CHICAGO POLICE DEPARTMENT
## (MONELL LIABILITY)

38. Plaintiff incorporates herein paragraphs 1 – 20 above as though fully set forth herein.

39. At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizures of her person, including the use of excessive force and the right not to be arrested or charged with any offense without probable cause.

40. During the events described herein, certain Supervisory Personnel, agents or employees of the City of Chicago Police Department with policy-making authority, whose names and titles are presently unknown to plaintiff, had a duty to supervise and set policy and standards for the

use of force, and procedures and standards concerning arrests, as well as to hire, discipline, and fire East Hazel Crest Police Officers.

41. This individual or these individuals failed to adequately supervise, train, or set policy to prevent violations of the plaintiffs' constitutional rights. These individuals encouraged the violation of plaintiff's rights in that they failed to insure that officers did not convey false information, that standards were followed with respect to signing and approving complaints, that standards were set or followed with regard to the use of force, and that arrests and seizures were not made without probable cause or the appropriate legal standard.

42. These individuals failed to adequately supervise, train, or set policy to prevent violations of the plaintiffs' constitutional rights in that these individuals tolerated repeated violations of the civil rights of defendants at the hands of Officer Jung and did nothing to correct, train, discipline, or otherwise relieve Defendant Jung of authority or duties involving the use of force or the decision to arrest until plaintiff had been injured thereby.

43. These individuals failed to adequately or properly respond to the complaints of the plaintiff regarding the conduct of Officer Jung.

44. As a result of the individual or individuals failure to properly discipline or investigate officers, including specifically Officer Jung, Chicago Police Officers, including specifically defendant Jung, were encouraged and led to believe that their improper and unconstitutional conduct would not be scrutinized or punished. These failures created an informal policy or custom which resulted in the violations of the plaintiffs rights alleged herein.

45. This complete failure to address, discipline, or respond in any way to the continued unconstitutional actions of Officer Jung, committed on both the plaintiff and to other individuals, was the proximate cause of the violations of plaintiff's constitutional rights resulting from Jung's

actions in May 2011.

46. The supervisory failures of these individuals and unknown supervisory officers were the direct and proximate cause of the constitutional violations visited on the plaintiffs.

47. As the proximate result of these individuals failure to supervise or otherwise set or enforce policy and procedures, the defendant City failed to prevent and in fact encouraged and caused the use of excessive force, false arrest and/or arrests without probable cause, and the unreasonable seizure and charging of plaintiff.

48. Prior to May 2011, through the actions and inactions of its policy-making personnel, the City of Chicago Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Chicago, which proximately caused the violation of Plaintiff's rights.

49. It was the policy and/or custom of the Chicago Police Department and its officers to inadequately and improperly investigate or resolve complaints of police misconduct relating to the use of force and arrests for alleged battery to officers, and such acts of misconduct were instead tolerated by the City of Chicago Police Department.

50. It was the policy and/or custom of the City of Chicago to inadequately supervise and train its police officers, including the Defendant officer, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were known to have engaged in misconduct or improper investigation. The City did not require or demand any in-service or re-training of defendant Jung despite complaints from citizens, including the plaintiff.

51. As a result of the above described policies and customs, police officers of the City of Chicago Police Department, including the Defendant officers, believed that their actions would

not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

52. The City of Chicago Police Department failed to train and supervise its officers, and failed to implement policies, to prevent constitutional violations relating to the use of excessive force on subject citizens and the arrests, seizures, searches, and detentions of citizens without probable cause.

53. The City of Chicago Police Department failed to monitor and supervise its officers regarding the use of force, failed to make reasonable regular inquiries into, or otherwise determine the level of force being utilized by officers during encounters with citizens including arrests, and failed to take reasonable steps to prevent its officers from using excessive force.

54. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Chicago Police Department to the constitutional rights of persons within the Village, and were the proximate cause of the violations of Plaintiff's rights alleged herein. As a direct and proximate result of the municipality's failures and actions, plaintiff suffered physical injury, loss of reputation, humiliation, mental anguish, emotional distress, and legal expenses, as alleged herein.

WHEREFORE the Plaintiff demands judgment against the Defendant, City of Chicago Police Department, for compensatory damages, costs incurred herein and attorney fees in a sum in excess of $ 20,000.00.

PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted by:
By: /s/ John C. Greenlees
ARDC No. 6196135
600 Holiday Plaza Drive, Suite 500
Matteson, IL 60443
708-747-9440   fax 708-747-9445