IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN DAVIS, | ) | |
| | ) | Case No. 12 CV 05843 |
| Plaintiff, | ) | |
| | ) | JUDGE AMY ST. EVE |
| v. | ) | |
| | ) | |
| OFFICER JUNG, UNKNOWN OFFICER, and | ) | |
| THE CHICAGO POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT JAEHO JUNG'S ANSWER TO PLAINTIFF'S COMPLAINT,
AFFIRMATIVE DEFENSES, AND JURY DEMAND**

**INTRODUCTION**

1. This action is brought seeking damages as redress for Defendants' violation of the Plaintiffs' rights enumerated under the Fourth and Fourteenth Amendments to the Constitution of the United States of America, which violations resulted from the Defendants' unlawful and unauthorized use of excessive force and unlawful arrest, relating to a traffic stop on or about May 19, 2011 which caused the Plaintiff significant and severe damages, including personal and pecuniary injuries.

**ANSWER**: Officer Jung admits that this action is brought seeking damages under the Fourth and Fourteenth Amendments to the Constitution of the United States. Officer Jung denies engaging in the remaining complained-of conduct in paragraph 1.

**JURISDICTION AND VENUE**

2. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. Sec. 1331 and Sec. 1343(a)(3) as the Federal Claims are brought under 42 U.S.C. Sec. 1983 and venue pursuant to 28 U.S.C. Sec. 1391(b) as the majority of parties reside in this district and the events giving rise to the claims occurred in this district. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. Sec. 1367(a).

**ANSWER**: Officer Jung admits that this Court has original jurisdiction of this matter pursuant to 28 U.S.C. Sec. 1331 and Sec. 1343(a)(3) as the Federal Claims are brought under 42 U.S.C.

Sec. 1983. Officer Jung admits that the events giving rise to the claims occurred in this district but denies engaging in any wrongdoing. Officer Jung admits that he resides in this district but lacks knowledge or information sufficient to form a belief as to where Plaintiff resides. Officer Jung denies that the Court has jurisdiction pursuant to 28 U.S.C. Sec. 1367(a) because Plaintiff brings no state law claims.

## THE PARTIES

3. On May 19, 2011 the Plaintiff, DAWN DAVIS, a citizen of this country, enjoyed all rights and entitlements enumerated in the Constitution of the United States of American and all Amendments thereto.

**ANSWER**: Officer Jung lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4. The Defendant, OFFICER JUNG was a duly sworn peace officer under the laws of the State of Illinois possessed of law enforcement authority under Illinois law, and at all relevant times set forth herein was acting under the color law and within the scope of his employment with the City of Chicago. Defendant Officer Jung is sued in his individual capacity. Upon information and belief, the Defendant resides in Cook County, Illinois.

**ANSWER**: Officer Jung admits the allegations contained in paragraph 4.

5. The Defendant, CHICAGO POLICE DEPARTMENT (City of Chicago) is a municipal corporation organized and chartered under the laws of the State of Illinois, obligated to indemnify employees for judgments resulting from conduct occurring within the scope of employment and employing unknown police officers of police personnel herein. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments and employees and for injury occasioned thereby. It was also the public employer of Defendant Jung.

**ANSWER**: Officer Jung admits that the City of Chicago is a municipal corporation organized and chartered under the laws of the State of Illinois and that the City of Chicago was the public employer of Officer Jung. Officer Jung denies that Plaintiff completely and accurately characterizes indemnification of City employees under Illinois law. Officer Jung lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5.

## STATEMENT OF FACTS

6. On or about May 19, 2011 plaintiff was a passenger in a vehicle stopped by Chicago Police Officers.

**ANSWER**: Officer Jung admits that on May 19, 2011, plaintiff was a passenger in a vehicle stopped by Chicago Police Officers.

7. The officers had the driver step outside the vehicle and asked for identification and insurance information. The driver produced his driver's license and proof of insurance.

**ANSWER**: Officer Jung admits that the driver was asked to exit the vehicle and that he was asked for identification and insurance information, but denies that said events happened in that order. Officer Jung admits that the driver produced his driver's license and proof of insurance.

8. Two officers, one of whom was Defendant Jung, and an as yet unidentified officer, thereafter approached the vehicle where plaintiff was sitting, talking on her cellular phone.

**ANSWER**: Officer Jung admits that he and another officer approached the vehicle in which plaintiff was sitting at the time of the initial traffic stop. Officer Jung lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 8.

9. The two officers, without probable cause or reasonable suspicion to believe any crime was being committed, and without any reasonable or articulable fear for their safety, having already determined that the driver was properly licensed and insured, looked inside, and Defendant Jung yelled at the Plaintiff to get off the cell phone.

**ANSWER**: Officer Jung denies engaging in the complained-of conduct in paragraph 9.

10. Plaintiff began telling the person she was talking to that the police were yelling at her and Defendant Jung, without probable cause or reasonable suspicion to believe any crime was being committed, and without any reasonable or articulable fear for his safety, ordered the

3

Plaintiff to get out of the car.

**ANSWER**: Officer Jung lacks knowledge or information sufficient to form a belief as to the truth or falsity concerning what Plaintiff said during her phone conversation. Officer Jung denies engaging in the remaining complained-of conduct in paragraph 10.

11. Plaintiff was breaking off her cell phone conversation, and attempting to open the broken car door, when Defendant Jung suddenly yanked open the door from the outside, and forcefully grabbed the plaintiff's arm.

**ANSWER**: Officer Jung denies the allegation contained in paragraph 11.

12. The second, unidentified officer grabbed the cell phone from plaintiff's hand and plaintiff was pushed to a police car, where Defendant Jung forcefully spread her legs, yelled at her, pushed her head on the car, and forced one arm back behind her back, lifting her up off the ground and injuring her wrist while twisting it, causing her intense pain.

**ANSWER**: Officer Jung admits, to the best of his recollection, that another police officer took Plaintiff's cell phone from her hand. Officer Jung denies the remaining complained-of conduct in paragraph 12.

13. Defendant Jung placed handcuffs on the plaintiff's wrists extremely tightly, causing her additional pain.

**ANSWER**: Officer Jung denies engaging in the complained-of conduct in paragraph 13.

14. Plaintiff had not violated any law, statute, or ordinance, and Defendant Jung did not have probable cause nor reasonable suspicion to believe she had committed any crime or violation of law.

**ANSWER**: Officer Jung denies the allegations contained in paragraph 14.

15. Prior to being forcefully removed form the vehicle by Defendant Jung yanking her out by the arm, plaintiff had no physical contact with the officers and had not obstructed nor interfered with any action they were taking as police officers.

**ANSWER**: Officer Jung denies removing Plaintiff from the vehicle and, therefore, denies the allegations contained in paragraph 15.

      16.     The driver of the vehicle was not charged with any crime, ordinance violation, or traffic offense. No other person was arrested at the scene of the traffic stop.

**ANSWER**:    Officer Jung admits that no other person was arrested at the scene of the traffic stop. Officer Jung denies that the driver of the vehicle was not charged with any crime, ordinance violation, or traffic offense.

      17.     Plaintiff had marks on her arms, and complained that Defendant Jung had injured her.

**ANSWER**:    Officer Jung lacks knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff had marks on her arms. Officer Jung, to the best of his knowledge, denies that Plaintiff complained that Officer Jung had injured her.

      18.     Plaintiff was brought to the police station where Defendant Jung charged her with Obstruction. Plaintiff was thereafter released on bond.

**ANSWER**:    Officer Jung admits that Plaintiff was brought to the police station and charged ' with obstruction of identification and resisting/obstructing a police officer. Officer Jung admits, upon information and belief, that Plaintiff was released on a recognizance bond.

      19.     After her release, Plaintiff obtained medical treatment for the injury to her wrist and injuries to her arms. As a result of her injuries plaintiff had to miss work.

**ANSWER**:    Officer Jung lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19.

      20.     After two court appearances, the obstructing charge was dismissed.

**ANSWER**:    Officer Jung admits upon information and belief that the criminal case against Plaintiff was dismissed, but denies that the dismissal was after two court appearances by Plaintiff.

## COUNT I
## FOURTH AMENDMENT VIOLATION
## EXCESSIVE FORCE 42 U.S.C. Sec. 1983

21. Plaintiff incorporates herein paragraphs 1 - 20 above as though fully set forth herein.

**ANSWER**: Officer Jung incorporates his answers to paragraphs 1 through 20 as his answer to paragraph 21.

22. At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures and to be secure in her person, effects and property, including freedom from the use of unreasonable and/or excessive force against her.

**ANSWER**: Officer Jung admits that Plaintiff enjoyed and possessed the rights described in paragraph 22.

23. On May 19, 2011 Defendant Jung used unlawful and unreasonable force against the Plaintiff without lawful justification.

**ANSWER**: Officer Jung denies engaging in the complained-of conduct in paragraph 23.

24. Defendant Jung unlawfully physically assaulted and/or brutalized the Plaintiff in a manner that was unnecessary to restrain her, obtain her compliance, or accomplish a lawful purpose in that he grabbed plaintiff by the arm, forcefully pulled her from the vehicle, pushed her head into the squad car, twisted her arm behind her back and applied excessive pressure, lifting her feet from the ground, and purposely placed handcuffs on her wrists so tightly they left marks.

**ANSWER**: Officer Jung denies engaging in the complained-of conduct in paragraph 24.

25. As described above, the conduct of Defendant Jung was intentionally carried out, under color of law and within the scope of her employment, with willful, wanton, reckless disregard, and/or deliberate indifference to the health and welfare, and rights, of the Plaintiff, and constituted the excessive use of force in violation of the Fourth Amendment.

**ANSWER**: Officer Jung denies engaging in the complained-of conduct in paragraph 25 and, therefore, denies all allegations contained in paragraph 25.

26. As the proximate result of the unlawful and excessive use of force by Defendant Jung, which violated the rights of the Plaintiff Dawn Davis, the plaintiff has suffered and

6

continues to suffer injuries of a personal and pecuniary nature.

**ANSWER**:   Officer Jung denies engaging in the complained-of conduct in paragraph 26 and, therefore, denies all allegations contained in paragraph 26.

## COUNT II
### FOURTH AMENDMENT VIOLATION
### UNLAWFUL ARREST, SEIZURE, AND RESTRAINT - 42 U.S.C. Sec. 1983

27.   Plaintiff incorporates herein, paragraphs 1-20 above as though fully set forth herein.

**ANSWER**:   Officer Jung incorporates his answers to paragraphs 1 through 20 as his answer to paragraph 27.

28.   At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizure of her person and to be secure in her person from having her liberty unlawfully restrained.

**ANSWER**:   Officer Jung admits that Plaintiff enjoyed and possessed the rights described in paragraph 28.

29.   On or about May 19, 2011 Defendant Jung effected the unlawful seizure, detention, and restraint of the Plaintiff, without lawful authority in the form of reasonable articulable suspicion, probable cause, a judicial warrant or writ, or other factual or legal justification in that he placed Plaintiff in handcuffs, drove her to the police station, held her there against her will, swore out a complaint or otherwise caused plaintiff to be charged with Obstructing, and thereafter caused her to be released on bond following this arrest.

**ANSWER**:   Officer Jung denies any actions he took toward Plaintiff on May 19, 2011, were without lawful authority or other legal justification, and, therefore, denies all allegations contained in paragraph 29.

30.   Plaintiff was required to appear in Court two times on this otherwise unlawful charge before it was dismissed.

**ANSWER**:   Officer Jung admits upon information and belief that the criminal case against

continues to suffer injuries of a personal and pecuniary nature.

**ANSWER**:   Officer Jung denies engaging in the complained-of conduct in paragraph 26 and, therefore, denies all allegations contained in paragraph 26.

## COUNT II
## FOURTH AMENDMENT VIOLATION
## UNLAWFUL ARREST, SEIZURE, AND RESTRAINT - 42 U.S.C. Sec. 1983

27.   Plaintiff incorporates herein, paragraphs 1-20 above as though fully set forth herein.

**ANSWER**:   Officer Jung incorporates his answers to paragraphs 1 through 20 as his answer to paragraph 27.

28.   At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizure of her person and to be secure in her person from having her liberty unlawfully restrained.

**ANSWER**:   Officer Jung admits that Plaintiff enjoyed and possessed the rights described in paragraph 28.

29.   On or about May 19, 2011 Defendant Jung effected the unlawful seizure, detention, and restraint of the Plaintiff, without lawful authority in the form of reasonable articulable suspicion, probable cause, a judicial warrant or writ, or other factual or legal justification in that he placed Plaintiff in handcuffs, drove her to the police station, held her there against her will, swore out a complaint or otherwise caused plaintiff to be charged with Obstructing, and thereafter caused her to be released on bond following this arrest.

**ANSWER**:   Officer Jung denies any actions he took toward Plaintiff on May 19, 2011, were without lawful authority or other legal justification, and, therefore, denies all allegations contained in paragraph 29.

30.   Plaintiff was required to appear in Court two times on this otherwise unlawful charge before it was dismissed.

**ANSWER**:   Officer Jung admits upon information and belief that the criminal case against

Plaintiff was dismissed, but denies that the dismissal was after two court appearances by Plaintiff. Officer Jung denies that any charge brought against Plaintiff was unlawful.

31. Defendant charged and arrested plaintiff for the offense of obstructing, and caused her to be held to bail for that offense, knowing that the plaintiff had not obstructed the defendant officer or any other officer in any way prior to her arrest.

**ANSWER**: Officer Jung admits that he assisted in the arrest of Plaintiff and charged Plaintiff with obstruction of identification and resisting/obstructing a police officer but denies engaging in the remaining complained-of conduct in paragraph 31.

32. At all times relevant herein, Defendant Jung was acting under color of law and her individual conduct as described herein above was done with willful, wanton, reckless disregard, and/or deliberate indifference to the rights of Plaintiff.

**ANSWER**: Officer Jung admits he was acting under color of law at all times relevant to Plaintiff's complaint but denies engaging in the complained-of conduct, and, therefore, denies all remaining allegations in paragraph 32.

33. Defendants' individual acts violated Plaintiff's right to be free from unreasonable seizures of her person, and unlawful arrest and prosecution, as provided in the Fourth Amendment to the United States Constitution and has caused Plaintiff to suffer and will in the future continue to suffer, severe damages including loss of reputation, mental anguish, emotional distress and legal expenses as alleged herein.

**ANSWER**: Officer Jung denies engaging in the complained-of conduct in paragraph 33 and, therefore, denies all allegations contained in paragraph 33.

**COUNT III**
**FOURTH, FIFTH, AND FOURTEENTH AMENDMENT VIOLATION**
**UNLAWFUL SEARCH, EXCESSIVE FORCE AND DEPRIVATION OF LIBERTY**
**(FAILURE TO INTERVENE) 42 U.S.C. Sec. 1983**

34. Plaintiff incorporates herein paragraphs 1-20 above as though fully set forth herein.

**ANSWER**: Officer Jung incorporates his answers to paragraphs 1 through 20 as his answer to

paragraph 34.

35. At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures, including the use of excessive force, along with the right to be free from unlawful and false arrest, and to be secure in his person, personal effects, and property.

**ANSWER**: Officer Jung admits that Plaintiff enjoyed and possessed the rights described in

paragraph 35.

36. On or about May 19, 2011 an unknown sworn officer stood by and failed to intervene to prevent the unconstitutional and unreasonable search, detentions, arrest, seizure, and use of excessive force, and to prevent physical violence and other damage to which Plaintiff was being subjected to at the hands of Defendant Jung. At all relevant times herein, Defendant Jung, and the unknown officer, were acting under color of law and within the scope of their employment.

**ANSWER**: Officer Jung admits that he was acting under color of law and within the scope of

his employment and at all relevant times set forth herein. Officer Jung denies engaging in the

complained-of conduct and, therefore, denies all remaining allegations in paragraph 36.

37. As the proximate result of the failure of the Unknown Defendant Officer to intervene on behalf of the Plaintiff to prevent the use of excessive force, or the unreasonable search and seizure of his person and property, or the unlawful arrest and false charging, despite the clear need and unreasonable opportunity to do so, the Plaintiff has suffered and continues to suffer injuries of a personal and pecuniary nature, loss of property, loss of reputation, humiliation, mental anguish, emotional distress, and legal expenses, as alleged herein.

**ANSWER**: Officer Jung denies that the complained-of conduct occurred and, therefore,

denies all allegations in paragraph 37.

## COUNT IV

## 42 U.S.C. Sec. 1983 VIOLATION
## CHICAGO POLICE DEPARTMENT (MONELL LIABILITY)

Officer Jung does not answer the allegations contained in Count IV because they are not

brought against him, but against the Chicago Police Department.

## CONCLUSION

**WHEREFORE,** Defendant Officer Jung respectfully requests that judgment be entered in his favor and against Plaintiff in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

## AFFIRMATIVE DEFENSES

1. Officer Jung is a government official who performs discretionary functions. At all times material to the events alleged in Plaintiff's complaint, a reasonable police officer objectively viewing the facts and circumstances confronted by Officer Jung, could have believed his actions to be lawful, in light of clearly established law and the information that Officer Jung possessed. Officer Jung, therefore, is entitled to qualified immunity as a matter of law.

2. To the extent that Plaintiff is alleging a claim pursuant the Fifth Amendment, it should be dismissed. The "Due Process Clause of the Fifth Amendment" applies only to federal officials." LaBoy v. Zuley, 747 F.Supp. 1284, 1286 (N.D. Ill. 1990). Hence, since Plaintiff alleges that the Defendant Officers are City of Chicago Police Officers and not agents of the federal government, Plaintiff's Fifth Amendment claim must be dismissed.

3. An award of punitive damages would deprive Defendant Officer Jung of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where a) liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence, and b) the award of punitive damages is disproportionate to actual damages.

## JURY DEMAND

Defendant Officer Jung hereby demands a jury trial for all issues so triable.

                                            Respectfully submitted,
                                              /s/ Scott Aaron Cohen
                                            SCOTT AARON COHEN
                                            Assistant Corporation Counsel

30 North La Salle Street, Suite 900
Chicago, IL 60602
(312) 744-2568
Attorney No. 6292577

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DAWN DAVIS, | ) | |
| | ) | Case No. 12 CV 05843 |
| Plaintiff, | ) | |
| | ) | JUDGE AMY ST. EVE |
| vs. | ) | |
| | ) | |
| OFFICER JUNG, UNKNOWN OFFICER, and | ) | |
| THE CHICAGO POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO:    John C. Greenlees
600 Holiday Plaza Drive - Suite 500
Matteson, IL 60443

**PLEASE TAKE NOTICE** that on this 2nd day of November 2012, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT JAEHO JUNG'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 2nd day of November 2012.

                                                                                                              Respectfully submitted,
                                                                                                              /s/ Scott Aaron Cohen
                                                                                                        SCOTT AARON COHEN
                                                                                                        Assistant Corporation Counsel

30 North La Salle Street, Suite 900
Chicago, IL 60602
(312) 744-2568
Attorney No. 6292577