IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN DAVIS, | ) | |
| | ) | 12 C 5843 |
| Plaintiff, | ) | |
| | ) | JUDGE ST. EVE |
| v. | ) | |
| | ) | |
| OFFICER JUNG, UNKNOWN OFFICER, and | ) | JURY DEMAND |
| THE CHICAGO POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S LOCAL RULE 56.1(a)
STATEMENT OF UNDISPUTED FACTS**

Defendant City of Chicago (the "City") by its attorney, Stephen R. Patton, Corporation Counsel of the City of Chicago, submits this statement of undisputed material facts[1] pursuant to Local Rule 56.1(a) of the United States District Court for the Northern District of Illinois, Eastern Division:

1. This court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and § 1343(a). Plaintiff brings this action under 42 U.S.C. § 1983. **Plaintiff's Complaint, attached hereto as Exhibit A, at ¶ 2.**

2. Venue is proper under 28 U.S.C. § 1391(b). **Exh. A at ¶ 2.**

3. On May 19, 2011, Plaintiff Dawn Davis was arrested by Defendant Chicago Police Officer Jung. **Exh. A at ¶¶ 6, 13, 18.**

---

[1] These facts are only deemed admitted for the purpose of the City's Motion for Summary Judgment. The City reserves the right to dispute these facts for all other purposes, including trial. Moreover, the City's Local Rule 56.1(a) Statement assumes as true, for the purposes of the City's motion for summary judgment only, plaintiff's factual allegations concerning the underlying incident. The City's motion focuses primarily on plaintiff's municipal liability claims under Section 1983 brought against it in Plaintiff's Complaint.

4. Plaintiff alleges that Officer Jung arrested her without probable cause. **Exh. A at ¶¶ 14, 29.**

5. Plaintiff also alleges that she was subjected to excessive force during her May 19, 2011 arrest by Defendant Officer Jung, and that an unknown officer failed to prevent this excessive use of force from occurring. **Exh. A at ¶¶ 11-13, 36.**

6. Plaintiff brought a Section 1983 Fourth Amendment claim alleging excessive force and false arrest against Officer Jung; a Fourth, Fifth, and Fourteenth Amendment claim for failure to intervene against an unknown officer; and a Section 1983 policy claim against the City. **Exh. A at ¶¶ 24, 29, 36-37, 40-54**.

7. Plaintiff's policy claim alleges that "certain Supervisory Personnel, agents or employees of the City of Chicago Police Department with policy-making authority," in various ways "failed to adequately supervise, train, or set policy to prevent violations of the plaintiffs' [sic] constitutional rights," and generally failed "to properly discipline or investigate officers, including specifically Officer Jung." **Exh. A at ¶¶ 40-44.**

8. According to Plaintiff, "[t]he supervisory failures of these individuals and unknown supervisory officers were the direct and proximate cause of the constitutional violations visited on the plaintiffs [sic]." **Exh. A at ¶ 46.**

9. Plaintiff also alleges in Count IV that the City of Chicago Police Department "developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of persons in Chicago, which proximately caused the violation of Plaintiff's rights." Such policies and customs include inadequately and improperly investigating complaints of police misconduct, and inadequately supervising

and training police officers in order to prevent constitutional violations. **Exh. A at ¶¶ 48-52.**

11. 10. The City has denied the claim brought against it under Section 1983. **Defendant City's Answer to Plaintiff's Complaint, attached hereto as Exhibit B, at ¶¶ 40-54.**

11. On December 6, 2012, the City served Plaintiff with Defendant City of Chicago's First Set of Interrogatories to Plaintiff and Defendant City of Chicago's First Set of Document Production Requests to Plaintiff. *See* **Defendant City of Chicago's First Set of Interrogatories to Plaintiff, attached hereto as Exhibit C; Defendant City of Chicago's First Set of Document Production Requests to Plaintiff, attached hereto as Exhibit D.**

12. On March 2, 2013, Counsel for Defendant City sent Plaintiff's initial attorney, John Greenlees, a letter requesting that Plaintiff either dismiss her *Monell* claim with prejudice or tender her overdue answers to the City's written discovery by March 8, 2013. *See* **March 2, 2013 Letter to Attorney Greenlees, attached hereto as Exhibit E.**

13. On May 1, 2013, Counsel for Defendant City sent a letter to Plaintiff's current attorney, Geneva Penson, requesting that Plaintiff voluntarily dismiss her *Monell* claim, as Plaintiff's previous counsel had indicated that he would likely do. In the alternative, the City requested that Plaintiff provide answers and responses to the written discovery that was served on December 6, 2012 by May 10, 2013. *See* **May 1, 2013 Letter to Attorney Penson, attached hereto as Exhibit F.**

14. On May 2, 2013, this Court ordered Plaintiff to answer all outstanding written discovery by May 23, 2013 and to file Plaintiff's position as to the *Monell* claim by May 31, 2013. **See May 2, 2013 Minute Order, attached hereto as Exhibit G.**

15. On May 25, 2013, Plaintiff finally mailed her Answers to Defendant City of Chicago's First Set of Interrogatories to Plaintiff. **See Plaintiff's Responses to Defendant City's First Set of Interrogatories, attached hereto as Exhibit H.**

16. A standard response to the City's Interrogatories is the following: "Because Defendant City of Chicago has not yet answered Plaintiff's written discovery and because the parties have not yet conducted other discovery on this issue, Plaintiff cannot presently answer this question. In addition, Plaintiff asked for information and production of documents regarding prior citizen complaints against Officer Jung and prior discipline of Officer Jung, but Defendants declined to provide that information. Investigation continues, and Plaintiff intends to rely upon any and all evidence uncovered during discovery and at trial to support these allegations." **See Exh. H at No. 6; Exh. H generally.**

17. In answer to the City's Interrogatory No. 22, Plaintiff referred the City to her Answers to Officer Jung's First Set of Interrogatories. However, Plaintiff makes no mention of her policy claims in answer to Officer Jung's First Set of Interrogatories. **See Exh. C at No. 22; Exh. H at No. 22; and Plaintiff's Answer to Defendant Jaeho Jung's First Set of Interrogatories to Plaintiff, attached hereto as Exhibit I, at Nos. 1 through 25.**

18. On May 31, Plaintiff filed Plaintiff's Position on Dismissal of the *Monell* Claim, and stated, "Plaintiff does not intend to dismiss the Monell claim at this time, as

4

the parties have not yet conducted sufficient discovery relative to this claim. Defendant City of Chicago has not yet answered Plaintiff's interrogatories. In addition, although plaintiff asked in written discovery for Defendant Jung's…record and disposition of official complaints… Defendant Jung failed to provide that documentation. Plaintiff continues investigation…" *See* **Plaintiff's Position on Dismissal of the Monell Claim, attached hereto as Exhibit J.**

19. The City timely responded to Plaintiff's First Request for Production of Documents on February 22, 2013. *See* **Defendant City's Response to Plaintiff's First Request for Production of Documents, attached hereto as Exhibit K;** *See also* **January 15, 2013 Letter from Attorney Greenlees, attached hereto as Exhibit L.**

20. Plaintiff never served interrogatories on the City. *See* **Exh. L.**

21. On July 3, 2013, the City supplemented its responses to Plaintiff's document production requests by producing Officer Jung's Five-Year Employee Complaint History, among other things. *See* **July 3, 2013 Letter to Penson, attached hereto as Exhibit M.**

22. Plaintiff's Initial Rule 26(a)(1) Disclosures and the supplement to those disclosures do not name any individuals with policymaking authority, nor do they list any documents related to any of Plaintiff's policy claims. *See* **Plaintiff's Initial Rule 26(a)(1) Disclosures, attached hereto as Exhibit N, and Plaintiff's Supplementary 26(a)(1) Disclosures, attached hereto as Exhibit O.**

23. Plaintiff never disclosed any expert witnesses, nor did she intend to. *See* **Exh. N, Exh. O, and Exh. I at No. 13.**

24. On May 2, 2013, fact discovery was extended to August 2, 2013. *See* **Exhibit G**.

25. No amendments or additional responses to the City's discovery were tendered by Plaintiff as of the date of filing, nor did Plaintiff ever request supplemental discovery from the City.

        Respectfully submitted,

        STEPHEN R. PATTON
        Corporation Counsel for the City of Chicago

By: **/s/ Marion C. Moore**
     Marion C. Moore
     Assistant Corporation Counsel

30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-1056
Attorney No. 6302566

6