# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DAWN DAVIS, | ) | |
|      Plaintiff, | ) | |
| | ) | |
|      v. | ) | No. |
| | ) | |
| OFFICER JUNG, UNKNOWN OFFICER, and | ) | |
| THE CHICAGO POLICE DEPARTMENT, | ) | |
|      Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, DAWN DAVIS, by and through her attorney, John C.

Greenlees, Ltd. and complaining against the Defendant OFFICER JUNG and THE CHICAGO

POLICE DEPARTMENT state as follows:

### INTRODUCTION

1.    This action is brought seeking damages as redress for Defendants' violation of the

Plaintiffs' rights enumerated under the Fourth and Fourteenth Amendments to the Constitution of

the United States of America, which violations resulted from the Defendants' unlawful and

unauthorized use of excessive force and unlawful arrest, relating to a traffic stop on or about

May 19, 2011 which caused the Plaintiff significant and severe damages, including personal and

pecuniary injuries.

### JURISDICTION AND VENUE

2.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Sec.1331 and

Sec.1343(a)(3) as the Federal Claims are brought under 42 U.S.C. Sec.1983 and venue pursuant

to 28 U.S.C. Sec.1391(b) as the majority of parties reside in this district and the events giving

rise to the claims occurred in this district. The Court has supplemental jurisdiction over the

Plaintiff's state law claims pursuant to 28 U.S.C. Sec.1367(a).

## THE PARTIES

3.     On May 19, 2011 the Plaintiff, DAWN DAVIS, a citizen of this country, enjoyed all rights and entitlements enumerated in the Constitution of the United States of America and all Amendments thereto.

4.     The Defendant, OFFICER JUNG was a duly sworn peace officer under the laws of the State of Illinois possessed of law enforcement authority under Illinois law, and at all relevant times set forth herein was acting under color of law and within the scope of his employment with the City of Chicago.   Defendant Officer Jung is sued in his individual capacity. Upon information and belief, the Defendant resides in Cook County, Illinois.

5.     The Defendant, CHICAGO POLICE DEPARTMENT (City of Chicago) is a municipal corporation organized and chartered under the laws of the State of Illinois, obligated to indemnify employees for judgments resulting from conduct occurring within the scope of employment and employing unknown police officers or police personnel herein.   It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments and employees and for injury occasioned thereby.   It was also the public employer of Defendant Jung.

## STATEMENT OF FACTS

6.     On or about May 19, 2011 plaintiff was a passenger in a vehicle stopped by Chicago Police Officers.

7.     The officers had the driver step outside the vehicle and asked for identification and insurance information.   The driver produced his driver's license and proof of insurance.

8.     Two officers, one of whom was Defendant Jung, and an as yet unidentified officer, thereafter approached the vehicle where plaintiff was sitting, talking on her cellular phone.

9.     The two officers, without probable cause or reasonable suspicion to believe any crime was being committed, and without any reasonable or articulable fear for their safety, having already determined that the driver was properly licensed and insured, looked inside, and Defendant Jung yelled at the Plaintiff to get off the cell phone.

10.     Plaintiff began telling the person she was talking to that the police were yelling at her and Defendant Jung, without probable cause or reasonable suspicion to believe any crime was being committed, and without any reasonable or articulable fear for his safety, ordered the Plaintiff to get out of the car.

11.     Plaintiff was breaking off her cell phone conversation, and attempting to open the broken car door, when Defendant Jung suddenly yanked open the door from the outside, and forcefully grabbed the plaintiff's arm.

12.     The second, unidentified officer grabbed the cell phone from plaintiff's hand and plaintiff was pushed to a police car, where Defendant Jung forcefully spread her legs, yelled at her, pushed her head on the car, and forced one arm back behind her back, lifting her up off the ground and injuring her wrist while twisting it, causing her intense pain.

13.     Defendant Jung placed handcuffs on the plaintiff's wrists extremely tightly, causing her additional pain.

14.     Plaintiff had not violated any law, statute, or ordinance, and Defendant Jung did not have probable cause nor reasonable suspicion to believe she had committed any crime or violation of law.

15.     Prior to being forcefully removed from the vehicle by Defendant Jung yanking her out by the arm, plaintiff had no physical contact with the officers and had not obstructed nor interfered with any action they were taking as police officers.

16.     The driver of the vehicle was not charged with any crime, ordinance violation, or traffic offense.   No other person was arrested at the scene of the traffic stop.

17.     Plaintiff had marks on her arms, and complained that Defendant Jung had injured her.

18.     Plaintiff was brought to the police station where Defendant Jung charged her with Obstruction.   Plaintiff was thereafter released on bond.

19.     After her release, Plaintiff obtained medical treatment for the injury to her wrist and injuries to her arms.   As a result of her injuries Plaintiff had to miss work.

20.     After two court appearances, the obstructing charge was dismissed.

COUNT I
FOURTH AMENDMENT VIOLATION
EXCESSIVE FORCE 42 U.S.C. Sec. 1983

21.     Plaintiff incorporates herein paragraphs 1 – 20 above as though fully set forth herein.

22.     At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures and to be secure in her person, effects and property, including freedom from the use of unreasonable and/or excessive force against her.

23.     On May 19, 2011 Defendant Jung used unlawful and unreasonable force against the Plaintiff without lawful justification.

24.     Defendant Jung unlawfully physically assaulted and/or brutalized the Plaintiff in a manner that was unnecessary to restrain her, obtain her compliance, or accomplish a lawful purpose in that he grabbed plaintiff by the arm, forcefully pulled her from the vehicle, pushed her head into the squad car, twisted her arm behind her back and applied excessive pressure, lifting her feet from the ground, and purposely placed handcuffs on her wrists so tightly they left marks.

25.     As described above, the conduct of Defendant Jung was intentionally carried out, under

color of law and within the scope of her employment, with willful, wanton, reckless disregard, and/or deliberate indifference to the health and welfare, and rights, of the Plaintiff, and constituted the excessive use of force in violation of the Fourth Amendment.

26.     As the proximate result of the unlawful and excessive use of force by Defendant Jung, which violated the rights of the Plaintiff Dawn Davis, the Plaintiff has suffered and continues to suffer injuries of a personal and pecuniary nature.

        WHEREFORE the Plaintiff demands judgment against Defendant Jung for compensatory and punitive damages, costs incurred herein and attorney fees, in a sum in excess of $20,000.00.

COUNT II
FOURTH AMENDMENT VIOLATION
UNLAWFUL ARREST, SEIZURE, AND RESTRAINT
42 U.S.C. Sec. 1983

27.     Plaintiff incorporates herein paragraphs 1 – 20 above as though fully set forth herein.

28.     At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizure of her person and to be secure in her person from having her liberty unlawfully restrained.

29.     On or about May 19, 2011 Defendant Jung effected the unlawful seizure, detention, and restraint of the Plaintiff, without lawful authority in the form of reasonable articulable suspicion, probable cause, a judicial warrant or writ, or other factual or legal justification in that he placed Plaintiff in handcuffs, drove her to the police station, held her there against her will, swore out a complaint or otherwise caused plaintiff to be charged with Obstructing, and thereafter caused her to be released on bond following this arrest.

30.     Plaintiff was required to appear in Court two times on this otherwise unlawful charge before it was dismissed.

31.     Defendant charged and arrested plaintiff for the offense of obstructing, and caused her to

be held to bail for that offense, knowing that the plaintiff had not obstructed the defendant officer or any other officer in any way prior to her arrest.

32.     At all times relevant herein, Defendant Jung was acting under color of law and her individual conduct as described hereinabove was done with willful, wanton, reckless disregard, and/or deliberate indifference to the rights of the Plaintiff.

33.     Defendants' individual acts violated Plaintiff's right to be free from unreasonable seizures of her person, and unlawful arrest and prosecution, as provided in the Fourth Amendment to the United States Constitution and has caused Plaintiff to suffer and will in the future continue to suffer, severe damages including loss of reputation, mental anguish, emotional distress and legal expenses as alleged herein.

WHEREFORE the Plaintiff demands judgment against Defendant Jung for compensatory and punitive damages, costs incurred herein and attorney fees, in a sum in excess of $ 20,000.00.

COUNT III
FOURTH, FIFTH, AND FOURTEENTH AMENDMENT VIOLATION
UNLAWFUL SEARCH, EXCESSIVE FORCE AND DEPRIVATION OF LIBERTY
(FAILURE TO INTERVENE)
42 U.S.C. Sec. 1983

34.     Plaintiff incorporates herein paragraphs 1 – 20 above as though fully set forther herein.

35.     At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures, including the use of excessive force, along with the right to be free from unlawful and false arrest, and to be secure in his person, personal effects, and property.

36.     On or about May 19, 2011 an unknown sworn officer stood by and failed to intervene to prevent the unconstitutional and unreasonable searche, detentions, arrest, seizure,

and use of excessive force, and to prevent physical violence and other damage to which Plaintiff was being subjected to at the hands of Defendant Jung. At all relevant times herein, Defendant Jung , and the unknown officer, were acting under color of law and within the scope of their employment.

37.     As the proximate result of the failure of the Unknown Defendant Officer to intervene on behalf of the Plaintiff to prevent the use of excessive force, or the unreasonable search and seizure of his person and property, or the unlawful arrest and false charging, despite the clear need and unreasonable opportunity to do so, the Plaintiff has suffered and continues to suffer injuries of a personal and pecuniary nature, loss of property, loss of reputation, humiliation, mental anguish, emotional distress, and legal expenses, as alleged herein.

WHEREFORE the Plaintiff demands judgment against the Defendant Unknown Officer for compensatory and punitive damages, costs incurred herein and attorney fees, in a sum in excess of $20, 000.00.

COUNT IV
42 U.S.C. Sec. 1983 VIOLATION
CHICAGO POLICE DEPARTMENT
(MONELL LIABILITY)

38.     Plaintiff incorporates herein paragraphs 1 – 20 above as though fully set forth herein.

39.     At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizures of her person, including the use of excessive force and the right not to be arrested or charged with any offense without probable cause.

40.     During the events described herein, certain Supervisory Personnel, agents or employees of the City of Chicago Police Department with policy-making authority, whose names and titles are presently unknown to plaintiff, had a duty to supervise and set policy and standards for the

use of force, and procedures and standards concerning arrests, as well as to hire, discipline, and
fire East Hazel Crest Police Officers.

41.     This individual or these individuals failed to adequately supervise, train, or set policy to
prevent violations of the plaintiffs' constitutional rights.   These individuals encouraged the
violation of plaintiff's rights in that they failed to insure that officers did not convey false
information, that standards were followed with respect to signing and approving complaints, that
standards were set or followed with regard to the use of force, and that arrests and seizures were
not made without probable cause or the appropriate legal standard.

42.     These individuals failed to adequately supervise, train, or set policy to prevent violations
of the plaintiffs' constitutional rights in that these individuals tolerated repeated violations of the
civil rights of defendants at the hands of Officer Jung and did nothing to correct, train, discipline,
or otherwise relieve Defendant Jung of authority or duties involving the use of force or the
decision to arrest until plaintiff had been injured thereby.

43.     These individuals failed to adequately or properly respond to the complaints of the
plaintiff regarding the conduct of Officer Jung.

44.     As a result of the individual or individuals failure to properly discipline or investigate
officers, including specifically Officer Jung, Chicago Police Officers, including specifically
defendant Jung, were encouraged and led to believe that their improper and unconstitutional
conduct would not be scrutinized or punished.   These failures created an informal policy or
custom which resulted in the violations of the plaintiffs rights alleged herein.

45.     This complete failure to address, discipline, or respond in any way to the continued
unconstitutional actions of Officer Jung, committed on both the plaintiff and to other individuals,
was the proximate cause of the violations of plaintiff's constitutional rights resulting from Jung's

actions in May 2011.

46.     The supervisory failures of these individuals and unknown supervisory officers were the direct and proximate cause of the constitutional violations visited on the plaintiffs.

47.     As the proximate result of these individuals failure to supervise or otherwise set or enforce policy and procedures, the defendant City failed to prevent and in fact encouraged and caused the use of excessive force, false arrest and/or arrests without probable cause, and the unreasonable seizure and charging of plaintiff.

48.     Prior to May 2011, through the actions and inactions of its policy-making personnel, the City of Chicago Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Chicago, which proximately caused the violation of Plaintiff's rights.

49.     It was the policy and/or custom of the Chicago Police Department and its officers to inadequately and improperly investigate or resolve complaints of police misconduct relating to the use of force and arrests for alleged battery to officers, and such acts of misconduct were instead tolerated by the City of Chicago Police Department.

50.     It was the policy and/or custom of the City of Chicago to inadequately supervise and train its police officers, including the Defendant officer, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were known to have engaged in misconduct or improper investigation.   The City did not require or demand any in-service or re-training of defendant Jung despite complaints from citizens, including the plaintiff.

51.     As a result of the above described policies and customs, police officers of the City of Chicago Police Department, including the Defendant officers, believed that their actions would

not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

52.     The City of Chicago Police Department failed to train and supervise its officers, and failed to implement policies, to prevent constitutional violations relating to the use of excessive force on subject citizens and the arrests, seizures, searches, and detentions of citizens without probable cause.

53.     The City of Chicago Police Department failed to monitor and supervise its officers regarding the use of force, failed to make reasonable regular inquiries into, or otherwise determine the level of force being utilized by officers during encounters with citizens including arrests, and failed to take reasonable steps to prevent its officers from using excessive force.

54.     The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Chicago Police Department to the constitutional rights of persons within the Village, and were the proximate cause of the violations of Plaintiff's rights alleged herein. As a direct and proximate result of the municipality's failures and actions, plaintiff suffered physical injury, loss of reputation, humiliation, mental anguish, emotional distress, and legal expenses, as alleged herein.

WHEREFORE the Plaintiff demands judgment against the Defendant, City of Chicago Police Department, for compensatory damages, costs incurred herein and attorney fees in a sum in excess of $ 20,000.00.

PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted by:
By: /s/ John C. Greenlees
ARDC No. 6196135
600 Holiday Plaza Drive, Suite 500
Matteson, IL 60443
708-747-9440   fax 708-747-9445

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DAWN DAVIS, | ) | |
| | ) | 12 C 5843 |
| Plaintiff, | ) | |
| | ) | JUDGE ST. EVE |
| v. | ) | |
| | ) | |
| OFFICER JUNG, UNKNOWN OFFICER, and | ) | JURY DEMAND |
| THE CHICAGO POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S COMPLAINT[1]

Defendant City of Chicago, by its attorney, Stephen R. Patton, Corporation Counsel of

the City of Chicago, for its answer to Plaintiff's Complaint, states as follows:

### INTRODUCTION

1.      This action is brought seeking damages as redress for Defendants' violation of the
Plaintiffs' rights enumerated under the Fourth and Fourteenth Amendments to the Constitution of
the United States of America, which violations resulted from the Defendants' unlawful and
unauthorized use of excessive force and unlawful arrest, relating to a traffic stop on or about May
19, 2011 which caused the Plaintiff significant and severe damages, including personal and
pecuniary injuries.

**ANSWER**:      The City admits that Plaintiff purports to bring this action seeking damages as

redress for the alleged violation of her rights.  The City lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations contained in this paragraph.

### JURISDICTION AND VENUE

2.      This Court has original jurisdiction of this matter pursuant to 28 U.S.C. Sec. 1331
and Sec. 1343(a)(3) as the Federal Claims are brought under 42 U.S.C. Sec. 1983 and venue

---

[1] Plaintiff has sued the Chicago Police Department, not the City of Chicago.  The Chicago Police Department is not
a suable entitle. *See Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997).  However, Plaintiff appears to use these
terms interchangeably.  *See* ¶ 5.  Accordingly, this Complaint will be answered on behalf of the City of Chicago,
rather than the Chicago Police Department, and all of its allegations against the Chicago Police Department will be
deemed as directed to the City.

pursuant to 28 U.S.C. Sec. 1391(b) as the majority of parties reside in this district and the events giving rise to the claims occurred in this district. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. Sec. 1367(a).

**ANSWER:**    The City admits that this Court has jurisdiction over this matter pursuant to 28

U.S.C. §§ 1331 and 1343(a)(3). The City further admits that venue is proper. The City denies

that Plaintiff brings any state law claims in this Complaint. The City lacks knowledge or

information sufficient to from a belief as to the truth of the remaining allegations contained in

this paragraph.

## THE PARTIES

3.        On May 19, 2011 the Plaintiff, DAWN DAVIS, a citizen of this country, enjoyed all rights and entitlements enumerated in the Constitution of the United States of American and all Amendments thereto.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

4.        The Defendant, OFFICER JUNG was a duly sworn peace officer under the laws of the State of Illinois possessed of law enforcement authority under Illinois law, and at all relevant times set forth herein was acting under the color law and within the scope of his employment with the City of Chicago. Defendant Officer Jung is sued in his individual capacity. Upon information and belief, the Defendant resides in Cook County, Illinois.

**ANSWER:**    The City admits, upon information and belief, that Defendant Officer Jung was a

duly sworn peace officer and was acting under color of law and within the scope of his

employment with the City of Chicago at all times relevant to this Complaint. The City admits

that Plaintiff purports to sue Officer Jung in his individual capacity. The City admits, upon

information and belief, that Officer Jung resides in Cook County, Illinois.

5.        The Defendant, CHICAGO POLICE DEPARTMENT (City of Chicago) is a municipal corporation organized and chartered under the laws of the State of Illinois, obligated to indemnify employees for judgments resulting from conduct occurring within the scope of employment and employing unknown police officers of police personnel herein. It is responsible

for the policies, procedures, and practices implemented through its various agencies, agents, departments and employees and for injury occasioned thereby. It was also the public employer of Defendant Jung.

**ANSWER:** The City admits that it is a municipal corporation organized and chartered under the laws of the State of Illinois and, upon information and belief, that it was the employer of Officer Jung at all times relevant to this Complaint. The City denies the remaining allegations contained in this paragraph as a vague, incomplete, and/or inaccurate statement of law.

## STATEMENT OF FACTS

6.      On or about May 19, 2011 plaintiff was a passenger in a vehicle stopped by Chicago Police Officers.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7.      The officers had the driver step outside the vehicle and asked for identification and insurance information. The driver produced his driver's license and proof of insurance.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8.      Two officers, one of whom was Defendant Jung, and an as yet unidentified officer, thereafter approached the vehicle where plaintiff was sitting, talking on her cellular phone.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9.      The two officers, without probable cause or reasonable suspicion to believe any crime was being committed, and without any reasonable or articulable fear for their safety, having already determined that the driver was properly licensed and insured, looked inside, and Defendant Jung yelled at the Plaintiff to get off the cell phone.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

10.    Plaintiff began telling the person she was talking to that the police were yelling at her and Defendant Jung, without probable cause or reasonable suspicion to believe any crime was being committed, and without any reasonable or articulable fear for his safety, ordered the Plaintiff to get out of the car.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

11.    Plaintiff was breaking off her cell phone conversation, and attempting to open the broken car door, when Defendant Jung suddenly yanked open the door from the outside, and forcefully grabbed the plaintiff's arm.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

12.    The second, unidentified officer grabbed the cell phone from plaintiff's hand and plaintiff was pushed to a police car, where Defendant Jung forcefully spread her legs, yelled at her, pushed her head on the car, and forced one arm back behind her back, lifting her up off the ground and injuring her wrist while twisting it, causing her intense pain.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

13.    Defendant Jung placed handcuffs on the plaintiff's wrists extremely tightly, causing her additional pain.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

14.    Plaintiff had not violated any law, statute, or ordinance, and Defendant Jung did not have probable cause nor reasonable suspicion to believe she had committed any crime or violation of law.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

15.    Prior to being forcefully removed from the vehicle by Defendant Jung yanking her

4

out by the arm, plaintiff had no physical contact with the officers and had not obstructed nor interfered with any action they were taking as police officers.

**ANSWER**: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. The driver of the vehicle was not charged with any crime, ordinance violation, or traffic offense. No other person was arrested at the scene of the traffic stop.

**ANSWER**: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. Plaintiff had marks on her arms, and complained that Defendant Jung had injured her.

**ANSWER**: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. Plaintiff was brought to the police station where Defendant Jung charged her with Obstruction. Plaintiff was thereafter released on bond.

**ANSWER**: The City admits, upon information and belief, that Plaintiff was charged with obstruction of identification and resisting a police officer. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

19. After her release, Plaintiff obtained medical treatment for the injury to her wrist and injuries to her arms. As a result of her injuries plaintiff had to miss work.

**ANSWER**: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. After two court appearances, the obstructing charge was dismissed.

**ANSWER**: The City admits, upon information and belief, that on July 13, 2011, the criminal

case against Plaintiff was stricken off the docket with leave to reinstate. The City lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in this paragraph.

## COUNT I
## FOURTH AMENDMENT VIOLATION
## EXCESSIVE FORCE 42 U.S.C. Sec. 1983

21.     Plaintiff incorporates herein paragraphs 1 - 20 above as though fully set forth
herein.

**ANSWER**:     The City re-states and incorporates herein its answers to paragraphs 1 through 20.

22.     At all relevant times herein, the Plaintiff enjoyed and possessed a right under the
Fourth Amendment to the Constitution of the United States to be free from unreasonable
searches and seizures and to be secure in her person, effects and property, including freedom
from the use of unreasonable and/or excessive force against her.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

23.     On May 19, 2011 Defendant Jung used unlawful and unreasonable force against
the Plaintiff without lawful justification.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

24.     Defendant Jung unlawfully physically assaulted and/or brutalized the Plaintiff in a
manner that was unnecessary to restrain her, obtain her compliance, or accomplish a lawful
purpose in that he grabbed plaintiff by the arm, forcefully pulled her from the vehicle, pushed her
head into the squad car, twisted her arm behind her back and applied excessive pressure, lifting
her feet from the ground, and purposely placed handcuffs on her wrists so tightly they left marks.

**ANSWER**:     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

25.     As described above, the conduct of Defendant Jung was intentionally carried out,
under color of law and within the scope of her employment, with willful, wanton, reckless
disregard, and/or deliberate indifference to the health and welfare, and rights, of the Plaintiff, and

constituted the excessive use of force in violation of the Fourth Amendment.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

26.    As the proximate result of the unlawful and excessive use of force by Defendant
Jung, which violated the rights of the Plaintiff Dawn Davis, the plaintiff has suffered and
continues to suffer injuries of a personal and pecuniary nature.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

## COUNT II
## FOURTH AMENDMENT VIOLATION
## UNLAWFUL ARREST, SEIZURE, AND RESTRAINT - 42 U.S.C. Sec. 1983

27.    Plaintiff incorporates herein, paragraphs 1-20 above as though fully set forth
herein.

**ANSWER:**    The City re-states and incorporates herein its answers to paragraphs 1 through 26.

28.    At all relevant times herein, the Plaintiff enjoyed and possessed a right under the
Fourth Amendment to the Constitution of the United States to be free from unreasonable seizure
of her person and to be secure in her person from having her liberty unlawfully restrained.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

29.    On or about May 19, 2011 Defendant Jung effected the unlawful seizure,
detention, and restraint of the Plaintiff, without lawful authority in the form of reasonable
articulable suspicion, probable cause, a judicial warrant or writ, or other factual or legal
justification in that he placed Plaintiff in handcuffs, drove her to the police station, held her there
against her will, swore out a complaint or otherwise caused plaintiff to be charged with
Obstructing, and thereafter caused her to be released on bond following this arrest.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

30.    Plaintiff was required to appear in Court two times on this otherwise unlawful
charge before it was dismissed.

7

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

31.    Defendant charged and arrested plaintiff for the offense of obstructing, and caused her to be held to bail for that offense, knowing that the plaintiff had not obstructed the defendant officer or any other officer in any way prior to her arrest.

**ANSWER:**    The City admits, upon information and belief, that Plaintiff was arrested and charged with obstruction of identification and resisting a police officer. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

32.    At all times relevant herein, Defendant Jung was acting under color of law and her individual conduct as described herein above was done with willful, wanton, reckless disregard, and/or deliberate indifference to the rights of Plaintiff.

**ANSWER:**    The City admits, upon information and belief, that Officer Jung was acting under color of law at all times relevant to this Complaint. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

33.    Defendants' individual acts violated Plaintiff's right to be free from unreasonable seizures of her person, and unlawful arrest and prosecution, as provided in the Fourth Amendment to the United States Constitution and has caused Plaintiff to suffer and will in the future continue to suffer, severe damages including loss of reputation, mental anguish, emotional distress and legal expenses as alleged herein.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

### COUNT III
### FOURTH, FIFTH, AND FOURTEENTH AMENDMENT VIOLATION
### UNLAWFUL SEARCH, EXCESSIVE FORCE AND DEPRIVATION OF LIBERTY
### (FAILURE TO INTERVENE) 42 U.S.C. Sec. 1983

34.    Plaintiff incorporates herein paragraphs 1-20 above as though fully set forth herein.

**ANSWER**:      The City re-states and incorporates herein its answers to paragraphs 1 through 33.

35.      At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures, including the use of excessive force, along with the right to be free from unlawful and false arrest, and to be secure in his person, personal effects, and property.

**ANSWER**:      The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

36.      On or about May 19, 2011 an unknown sworn officer stood by and failed to intervene to prevent the unconstitutional and unreasonable search, detentions, arrest, seizure, and use of excessive force, and to prevent physical violence and other damage to which Plaintiff was being subjected to at the hands of Defendant Jung.  At all relevant times herein, Defendant Jung, and the unknown officer, were acting under color of law and within the scope of their employment.

**ANSWER**:      The City admits, upon information and belief, that Officer Jung was acting under color of law and within the scope of his employment at all times relevant to this Complaint. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

37.      As the proximate result of the failure of the Unknown Defendant Officer to intervene on behalf of the Plaintiff to prevent the use of excessive force, or the unreasonable search and seizure of his person and property, or the unlawful arrest and false charging, despite the clear need and unreasonable opportunity to do so, the Plaintiff has suffered and continues to suffer injuries of a personal and pecuniary nature, loss of property, loss of reputation, humiliation, mental anguish, emotional distress, and legal expenses, as alleged herein.

**ANSWER**:      The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## COUNT IV
### 42 U.S.C. Sec. 1983 VIOLATION
### CHICAGO POLICE DEPARTMENT (MONELL LIABILITY)

38.      Plaintiff incorporates herein paragraphs 1-20 above as though fully set forth herein.

**ANSWER**:    The City re-states and incorporates herein its answers to paragraphs 1 through 37.

39.    At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizures of her person, including the use of excessive force and the right not to be arrested or charged with any offense without probable cause.

**ANSWER**:    The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

40.    During the events described herein, certain Supervisory Personnel, agents or employees of the City of Chicago Police Department with policy-making authority, whose names and titles are presently unknown to plaintiff, had a duty to supervise and set policy and standards for the use of force, and procedures and standards concerning arrests, as well as to hire, discipline, and fire East Hazel Crest Police Officers [sic].

**ANSWER**:    The City denies the allegations contained in this paragraph.

41.    This individual or these individuals failed to adequately supervise, train, or set policy to prevent violations of the plaintiffs' constitutional rights.  These individuals encouraged the violation of plaintiff's rights in that they failed to insure that officers did not convey false information, that standards were followed with respect to signing and approving complaints, that standards were set or followed with regard to the use of force, and that arrests and seizures were not made without probable cause or the appropriate legal standard.

**ANSWER**:    The City denies the allegations contained in this paragraph.

42.    These individuals failed to adequately supervise, train, or set policy to prevent violations of the plaintiffs' constitutional rights in that these individuals tolerated repeated violations of the civil rights of defendants at the hands of Officer Jung and did nothing to correct, train, discipline, or otherwise relieve Defendant Jung of authority or duties involving the use of force or the decision to arrest until plaintiff had been injured thereby.

**ANSWER**:    The City denies the allegations contained in this paragraph.

43.    These individuals failed to adequately or properly respond to the complaints of the plaintiff regarding the conduct of Officer Jung.

**ANSWER**:    The City denies the allegations contained in this paragraph.

44.    As a result of the individual or individuals failure to properly discipline or investigate offices, including specifically Officer Jung, Chicago Police Officers, including

10

specifically defendant Jung, were encouraged and led to believe that their improper and unconstitutional conduct would not be scrutinized or punished. These failures created an informal policy or custom which resulted in the violations of the plaintiff's right alleged herein.

**ANSWER**:    The City denies the allegations contained in this paragraph.

45.    This complete failure to address, discipline, or respond in any way to the continued unconstitutional actions of Officer Jung, committed on both the plaintiff and to other individuals, was the proximate cause of the violations of plaintiff's constitutional rights resulting from Jung's actions in May 2011.

**ANSWER**:    The City denies the allegations contained in this paragraph.

46.    The supervisory failures of these individuals and unknown supervisory officers were the direct and proximate cause of the constitutional violations visited on the plaintiff.

**ANSWER**:    The City denies the allegations contained in this paragraph.

47.    As the proximate result of these individuals failure to supervise or otherwise set or enforce policy and procedures, the defendant City failed to prevent and in fact encouraged and caused the use of excessive force, false arrest and/or arrests without probable cause, and the unreasonable seizure and charging of plaintiff.

**ANSWER**:    The City denies the allegations contained in this paragraph.

48.    Prior to May 2011, through the actions and inactions of its policy-making personnel, the City of Chicago Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Chicago, which proximately caused the violation of Plaintiff's rights.

**ANSWER**:    The City denies the allegations contained in this paragraph.

49.    It was the policy and/or custom of the Chicago Police Department and its officers to inadequately and improperly investigate or resolve complaints of police misconduct relating to the use of force and arrests for alleged battery to officers, and such acts of misconduct were instead tolerated by the City of Chicago Police Department.

**ANSWER**:    The City denies the allegations contained in this paragraph.

50.    It was the policy and/or custom of the City of Chicago to inadequately supervise and train its police officers, including the Defendant officer, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were known to have engaged in misconduct or improper investigation. The City did not require or demand any in-service or

re-training of defendant Jung despite complaints from citizens, including the plaintiff.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegation that it did not require or demand any in-service or re-training of Officer Jung

despite citizen complaints.  The City denies the remaining allegations contained in this

paragraph.

51.     As a result of the above described policies and customs, police officers of the City
of Chicago Police Department, including the Defendant officers, believed that their actions
would not be properly monitored by supervisory officers and that misconduct would not be
investigated or sanctioned, but would be tolerated.

**ANSWER:**     The City denies the allegations contained in this paragraph.

52.     The City of Chicago Police Department failed to train and supervise its officers,
and failed to implement policies, to prevent constitutional violations relating to the use of
excessive force on subject citizens and the arrest, seizures, searches, and detentions of citizens
without probable cause.

**ANSWER:**     The City denies the allegations contained in this paragraph.

53.     The City of Chicago Police Department failed to monitor and supervise its
officers regarding the use of force, failed to make reasonable regular inquiries into, or otherwise
determine the level of force being utilized by officers during encounters with citizens including
arrests, and failed to take reasonable steps to prevent its officers from using excessive force.

**ANSWER:**     The City denies the allegations contained in this paragraph.

54.     The above described policies and customs demonstrated a deliberate indifference
on the part of policymakers of the City of Chicago Police Department to the constitutional rights
of persons within the Village [sic], and were the proximate cause of the violations of Plaintiff's
rights alleged herein.  As a direct and proximate result of the municipality's failures and
inactions, plaintiff suffered physical injury, loss of reputation, humiliation, mental anguish,
emotional distress, and legal expenses, as alleged herein.

**ANSWER:**     The City denies the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

1.     The City is not liable to Plaintiff for any federal claims for which its employees or agents are not liable to Plaintiff.  *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

2.     Plaintiff has a duty to mitigate her damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened but were not, due to Plaintiff's failure to take reasonable action to minimize those damages.

3.     Plaintiff is not entitled to attorney's fees for her state law claims.  *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill. 2d 154, 166, 390 N.E.2d 859, 865 (1979); *Miller v. Pollution Control Board*, 267 Ill. App. 3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

## JURY DEMAND

The City hereby demands a jury trial for all issues so triable.

Respectfully submitted,

BY:    /s/Marion C. Moore
         Marion C. Moore
         Assistant Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-8364
(312) 744-6566 (FAX)
ATTY. NO. 6302566

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DAWN DAVIS, | ) | |
| | ) | Case No. 12 CV 05843 |
| Plaintiff, | ) | |
| | ) | JUDGE AMY ST. EVE |
| vs. | ) | |
| | ) | |
| OFFICER JUNG, UNKNOWN OFFICER, and | ) | JURY DEMAND |
| THE CHICAGO POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO:  John C. Greenlees                                    All attorneys of record
     600 Holiday Plaza Drive - Suite 500                  (via CM/ECF system)
     Matteson, IL 60443
     (via CM/ECF system)

**PLEASE TAKE NOTICE** that on this 5<u>th</u> day of November 2012, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT CITY'S ANSWER TO PLAINTIFF'S COMPLAINT,** a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the persons named above at the address shown this 5<u>th</u> day of November 2012.

Respectfully submitted,

BY:  /s/Marion C. Moore
     Marion C. Moore
     Assistant Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-8364
(312) 744-6566 (FAX)
ATTY. NO. 6302566

14

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAWN DAVIS,                                          )
                                                    )    12 C 5843
                Plaintiff,                          )
                                                    )    Judge St. Eve
        v.                                          )
                                                    )
OFFICER JUNG, UNKNOWN OFFICER,                      )    Magistrate Judge Gilbert
and THE CHICAGO POLICE DEPARTMENT,                  )
                                                    )
                Defendants.                         )

## DEFENDANT CITY OF CHICAGO'S FIRST
## SET OF INTERROGATORIES TO PLAINTIFF

Defendant City of Chicago, by Stephen R. Patton, Corporation Counsel of the City of

Chicago, pursuant to Fed. R. Civ. P. 33, requests that plaintiff Dawn Davis answer the following

interrogatories within thirty (30) days of service of this request:

1.      Please state with specificity to whom Plaintiff is referring by "certain Supervisory
        Personnel, agents or employees of the City of Chicago Police Department with policy-
        making authority, whose names and titles are presently unknown to plaintiff" in
        paragraph 40 of Plaintiff's Complaint ("Complaint").

2.      In paragraph 40 of Plaintiff's Complaint, plaintiff alleges that "During the events
        described herein, certain Supervisory Personnel, agents or employees of the City of
        Chicago Police Department with policy-making authority, whose names and titles are
        presently unknown to plaintiff, had a duty to supervise and set policy and standards for
        the use of force, and procedures and standards concerning arrests, as well as to hire,
        discipline, and fire East Hazel Crest [sic] Police Officers."  Please state with specificity
        the evidence upon which plaintiff relies in support of these allegations.

3.      In paragraph 41 of Plaintiff's Complaint, plaintiff alleges that "This individual or these
        individuals failed to adequately supervise, train, or set policy to prevent violations of the
        plaintiffs' [sic] constitutional rights."  Please state with specificity the evidence upon
        which plaintiff relies in support of these allegations.

1

4.   In paragraph 41 of Plaintiff's Complaint, plaintiff alleges that "These individuals encouraged the violation of plaintiff's rights in that they failed to insure [sic] that officers did not convey false information, that standards were followed with respect to signing and approving complaints, that standards were set or followed with regard to the use of force, and that arrests and seizures were not made without probable cause or the appropriate legal standard." Please state with specificity the evidence upon which plaintiff relies in support of these allegations.

5.   In paragraph 42 of Plaintiff's Complaint, plaintiff alleges that "These individuals failed to adequately supervise, train, or set policy to prevent violations of the plaintiffs' constitutional rights in that these individuals tolerated repeated violations of the civil rights of defendants at the hands of Officer Jung and did nothing to correct, train, discipline, or otherwise relieve Defendant Jung of authority or duties involving the use of force or the decision to arrest until plaintiff had been injured thereby." Please state with specificity the evidence upon which plaintiff relies in support of these allegations.

6.   In paragraph 43 of Plaintiff's Complaint, plaintiff alleges that "These individuals failed to adequately or properly respond to the complaints of the plaintiff regarding the conduct of Officer Jung." Please state with specificity the evidence upon which plaintiff relies in support of this allegation.

7.   In paragraph 44 of Plaintiff's Complaint, plaintiff alleges that "As a result of the individual or individuals [sic] failure to properly discipline or investigate officers, including specifically Officer Jung, Chicago Police Officers, including specifically defendant Jung, [sic] were encouraged and led to believe that their improper and unconstitutional conduct would not be scrutinized or punished." Please state with specificity the evidence upon which plaintiff relies in support of these allegations.

8.   In paragraph 44 of Plaintiff's Complaint, plaintiff alleges that the failure to properly discipline or investigate Chicago Police Officers "created an informal policy or custom which resulted in the violations of the plaintiffs [sic] rights alleged herein." Please describe with specificity the evidence upon which plaintiff relies in support of this allegation.

9.   In paragraph 45 of Plaintiff's Complaint, plaintiff alleges that "This complete failure to address, discipline, or respond in any way to the continued unconstitutional actions of Officer Jung, committed on both the plaintiff and to other individuals, was the proximate cause of the violations of plaintiff's constitutional rights resulting from Jung's actions in May 2011." Please state with specificity the evidence upon which plaintiff relies in support of these allegations.

10.  In paragraph 46 of Plaintiff's Complaint, plaintiff alleges that "The supervisory failures of these individuals and unknown supervisory officers were the direct and proximate

2

cause of the constitutional violations visited on the plaintiff." Please state with specificity the evidence upon which plaintiff relies in support of this allegation.

11.    In paragraph 47 of Plaintiff's Complaint, plaintiff alleges that "As the proximate result of these individuals failure to supervise or otherwise set or enforce policy and procedures, the defendant City failed to prevent and in fact encouraged and caused the use of excessive force, false arrest and/or arrests without probable cause, and the unreasonable seizure and charging of plaintiff." Please state with specificity the evidence upon which plaintiff relies in support of these allegations.

12.    In paragraph 48 of Plaintiff's Complaint, plaintiff alleges that "Prior to May 2011, through the actions and inactions of its policy-making personnel, the City of Chicago Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Chicago, which proximately caused the violation of Plaintiff's rights." Please state with specificity the evidence upon which plaintiff relies in support of these allegations.

13.    Please state with specificity to whom plaintiff is referring by "policy-making personnel" in paragraph 48 of Plaintiff's Complaint.

14.    In paragraph 49 of Plaintiff's Complaint, plaintiff alleges that "It was the policy and/or custom of the Chicago Police Department and its officers to inadequately and improperly investigate or resolve complaints of police misconduct relating to the use of force and arrests for alleged battery to officers, and such acts of misconduct were instead tolerated by the City of Chicago Police Department." Please state with specificity the evidence upon which plaintiff relies in support of these allegations.

15.    In paragraph 50 of Plaintiff's Complaint, plaintiff alleges that "It was the policy and/or custom of the City of Chicago to inadequately supervise and train its police officers, including the Defendant officer, thereby failing to adequately discourage further constitutional violations on the part of its police officers." Please state with specificity the evidence upon which plaintiff relies in support of these allegations.

16.    In paragraph 50 of Plaintiff's Complaint, plaintiff alleges that "The City did not require appropriate in-service training or re-training of officers who were known to have engaged in misconduct or improper investigation." Please state with specificity the evidence upon which plaintiff relies in support of this allegation.

17.    In paragraph 50 of Plaintiff's Complaint, plaintiff alleges that "The City did not require or demand any in-service or re-training of defendant Jung despite complaints from citizens, including the plaintiff." Please state with specificity the evidence upon which plaintiff relies in support of this allegation.

3

18. In paragraph 51 of Plaintiff's Complaint, plaintiff alleges that "As a result of the above described policies and customs, police officers of the City of Chicago Police Department, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated." Please state with specificity the evidence upon which plaintiff relies in support of these allegations.

19. In paragraph 52 of Plaintiff's Complaint, plaintiff alleges that "The City of Chicago Police Department failed to train and supervise its officers, and failed to implement policies, to prevent constitutional violations relating to the use of excessive force on subject citizens and the arrest, seizures, searches, and detentions of citizens without probable cause." Please state with specificity the evidence upon which plaintiff relies in support of these allegations.

20. In paragraph 53 of Plaintiff's Complaint, plaintiff alleges that "The City of Chicago Police Department failed to monitor and supervise its officers regarding the use of force, failed to make reasonable regular inquiries into, or otherwise determine the level fo force being utilized by officers during encounters with citizens including arrests, and failed to take reasonable steps to prevent its officers from using excessive force." Please state with specificity the evidence upon which plaintiff relies in support of these allegations.

21. In paragraph 54 of Plaintiff's Complaint, plaintiff alleges that "The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Chicago Police Department to the constitutional rights of persons within the Village [sic], and were the proximate cause of the violations of Plaintiff's rights alleged herein." Please state with specificity the evidence upon which plaintiff relies in support of these allegations.

22. In paragraph 54 of Plaintiff's Complaint, plaintiff alleges that "As a direct and proximate result of the municipality's failures and inactions, plaintiff suffered physical injury, loss of reputation, humiliation, mental anguish, emotional distress, and legal expenses, as alleged herein." Please state with specificity the evidence upon which plaintiff relies in support of these allegations.

Respectfully submitted,

STEPHEN R. PATTON
Corporation Counsel of the City of Chicago

BY:             _____

MARION MOORE
Assistant Corporation Counsel

30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-8364
Atty. No. 6302566

## CERTIFICATE OF SERVICE

I hereby certify that I have caused **DEFENDANT CITY OF CHICAGO'S FIRST SET OF INTERROGATORIES TO PLAINTIFF** to be served by facsimile and U.S. Mail to the following, on this 6th day of December, 2012:

John C. Greenlees
600 Holiday Plaza Drive, Suite 500
Matteson, IL 60443
708-747-9445 (fax)

Thomas Aumann
Scott Cohen
City of Chicago Department of Law
30 N. LaSalle, Suite 900
Chicago, IL

MARION MOORE
Assistant Corporation Counsel

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAWN DAVIS,                                    )
                                               )        12 C 5843
            Plaintiff,                         )
                                               )        Judge St. Eve
       v.                                      )
                                               )
OFFICER JUNG, UNKNOWN OFFICER,                 )        Magistrate Judge Gilbert
and THE CHICAGO POLICE DEPARTMENT,             )
                                               )
            Defendants.                        )

## DEFENDANT CITY OF CHICAGO'S FIRST SET OF
## DOCUMENT PRODUCTION REQUESTS TO PLAINTIFF

Defendant City of Chicago, by its attorney, Stephen R. Patton, Corporation Counsel of the

City of Chicago, pursuant to Fed. R. Civ. P. 34, requests that plaintiff Dawn Davis respond to the

following request for production of documents within thirty (30) days of service of this request:

1. Please produce any and all documents (as this term is defined in Fed. R. Civ. P. 34(a))

referred to, identified in, supportive of, or related to plaintiff's answers to Defendant City of

Chicago's First Set of Interrogatories to Plaintiff.

Respectfully submitted,

STEPHEN R. PATTON
Corporation Counsel of the City of Chicago

BY:     _____
MARION MOORE
Assistant Corporation Counsel

30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-8364
Atty. No. 6302566

## CERTIFICATE OF SERVICE

I hereby certify that I have caused **DEFENDANT CITY OF CHICAGO'S FIRST SET OF DOCUMENT PRODUCTION REQUESTS TO PLAINTIFF** to be served by facsimile and U.S. Mail to the following, on this 6th day of December, 2012.

John C. Greenlees
600 Holiday Plaza Drive, Suite 500
Matteson, IL 60443
708-747-9445 (fax)

Thomas Aumann
Scott Cohen
City of Chicago Department of Law
30 N. LaSalle, Suite 900
Chicago, IL

MARION MOORE
Assistant Corporation Counsel