# EXHIBIT I

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DAWN DAVIS                    ,     )

        Plaintiff,         )    Case No. 12 C 5843

        vs            )    Judge St. Eve

                      )

OFFICER JUNG, UNKNOWN OFFICER, and )    Magistrate Judge Gilbert
THE CHICAGO POLICE DEPARTMENT    )

        Defendants.      )

RECEIVED
IND. DEFENSE LITIGATION
2013 MAY 30 PM 2:07
BY

### PLAINTIFF'S ANSWERS TO DEFENDANT JAEHO JUNG'S
### FIRST SET OF INTERROGATORIES TO PLAINTIFF

NOW COMES the Plaintiff, DAWN DAVIS, by her attorney, Geneva L. Penson, and pursuant to Fed. R. Civ. P. 33, provides the following answers to Defendant Jung's interrogatories:

1.    Please describe your education, training and/or professional skills, including the names and addresses of educational institutions attended, dates of attendance, degrees, certificates or diplomas issued to you by each institution, and whether you were ever the subject of any disciplinary proceeding or proceedings at any of the institutions.

**ANSWER:**   Plaintiff graduated from Wendell Phillips High School in 1988. She was enrolled in the nursing program at Kennedy King College in approximately 2009. She received on the job training as a dialysis technician.

2.    For each occupation or job you have held during the last ten (10) years, please state:

a.    the full name and address of each employer;

b.    the dates of commencement and termination;

c.    a brief description of your position and services or duties performed;

d.    the weekly average wages or earnings;

e.    the annual income as reported to the IRS for the last three (3) calendar years;

f.    the name of your foreman or supervisor; and

g.    the reason for termination of employment.

**ANSWER:**

a.    Blue Island Dialysis, 12200 S. Western, Blue Island, Illinois

b.    July 2002 to present

c.    Plaintiff works as a dialysis technician.

d.    Plaintiff currently earns a gross salary of approximately $1,300-$1,400 bi-weekly.

e.    Investigation continues.

f.    Crystal Cunningham

g.    N/A

3.    Have you ever been arrested for any crime (including minor traffic offenses or ordinance violations) in Illinois and elsewhere, in the 10 year period preceding May 19, 2011? If so, for each arrest, please sate:

a.    the date and location of each arrest;

b.    the charge(s) against you:

c.    the name and location of each court where you were prosecuted, and the

2

court file number (i.e. docket number) of each case;

     d.     the disposition, including any and all fines or sentences imposed; and

     e.     the name and address of any attorneys who represented you.

     **ANSWER:**   Plaintiff objects to this interrogatory as overly broad and not reasonably calculated to lead to material or otherwise admissible evidence. Plaintiff will state, however, that she has no record of criminal convictions.

     4.     State the full name and current residence address of each person who witnessed or claims to have witnessed the occurrence that is the subject of this suit (hereinafter referred to simply as the occurrence), and who claims to have been present at the scene immediately before, and/or immediately after the occurrence, and designate each such witness accordingly.

     **ANSWER:**   Vennit Carlvin, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

     5.     Have you (or has anyone acting on your behalf) had any conversations or do you know of any statements with or by any person at any time with regard to the manner in which the occurrence complained of occurred, or have you overheard any statements made by any person at any time with regard to the injures and/or damages complained of by you or to the manner in which the occurrence complained of occurred? If the answer to this interrogatory is in the affirmative, state the following:

     a.     the dates and locations of such conversations and/or statements;

     b     all persons present for the conversations and/or statements:

     c.     the matters and things stated by the person in the conversations and/or statements; and

d.      whether the conversations were oral, written, or recorded; and who has posssion of said statements if written and/or recorded.

**ANSWER:**   Plaintiff is not aware of any oral, written, or recorded statements.

6.      With respect to any police personnel who you claim acted improperly or illegally during the incident complained in your Complaint, for each state

a.      each action or failure to act which subjects each officer to liability;

b.      the nature of the injury (physical, emotion, or mental) you suffered as a result of that individual officer's conduct;

c.      a description of the offending officer's gender, race, height, weight or build, hair color, eye color, glasses, whether the officer was wearing a uniform, and any other physical descriptors that you recall.

**ANSWER:**

a.      Defendant Jung grabbed Plaintiff by the arm, forcefully pulled her from the vehicle, forcibly spread her legs, pushed her head into the squad car, twisted her arm behind her back and applied excessive pressure, lifting her feet from the ground, and intentionally placed handcuffs on her wrists so tightly they left marks.

Defendant Jung otherwise unlawfully restrained Plaintiff, placing her in handcuffs, putting her in a squad car, driving her to the police station and holding her there against her will, and swore out a false complaint for obstruction of justice.

An unknown officer witnessed this abuse, but failed to intervene.

b.      Among other injuries, Plaintiff suffered severe wrist sprain, marks on her arms, and pain, in addition to mental anguish, loss of good reputation, emotional

4

distress, and pecuniary damage.

     c.     The defendant officer is a male of Asian descent.

7.     Have you received any kind of medical care or treatment, including admission to any hospital or other medical institution, for any injuries (physical, emotional, or mental) suffered by you as a result of any the Defendants' conduct? If so, please state:

     a.     the full name, address, and telephone number of each and every physician or health care practitioner, hospital or medical institution that rendered services to you;

     b.     the date or dates of examination, care, or treatment by each such physician or other health care practitioner, the date or dates of admission and discharge as to each hospital or medical institution;

     c.     a description of the care or treatment rendered by each such physician other health care practitioner or hospital and the reason for such treatment or hospitalization;

     d.     list any expenses incurred, the portion of the expense which has been paid, and the name and address of each person paying a portion or all of said expenses,

     e.     the name and address of each person and/or laboratory taking any X-ray, MRI, scan and/or other radiological tests of you;

     f.     the amounts to date of their respective bills for services and whether the bills have been paid; and

     g.     from which of them you have written reports.

     **ANSWER:**    Plaintiff has received medical treatment for her injuries.

a. ~~[redacted]~~

~~[redacted]~~

~~[redacted]~~

b.     May 20, 2011, and in the days following that date  Investigation continues.

c.     Plaintiff went to the emergency room at Ingalls Memorial Hospital, where they examined, x-rayed, and performed other tests on her.  They gave her a splint or device to immobilize her wrist and referred her to another physician for further treatment.

d.     Plaintiff incurred $1,943.00 in bills from the hospital.  $530.43 of that was paid my medical insurer.  Investigation continues.

e.     Please see above.  Investigation continues.

f.     Please see above.

g.     Plaintiff has no written medical reports.

8.     Are you claiming any psychiatric, psychological and/or emotional injuries as a result of this occurrence?  If so, state:.

a.     the name of any psychiatric, psychological, and/or emotional injury claimed, and the name and address of each psychiatrist, physician, psychologist, therapist or other health care professional rendering you treatment for each injury;

b.     whether you had suffered any psychiatric, psychological and/or emotional injury prior to the date of the occurrence; and

c.     if(b) is in the affirmative, please  state when and the nature of any psychiatric, psychological & and/or emotional injury, and the name and address of each psychiatrist, physician, psychologist, therapist or other health care professional

6

rendering you treatment for each injury.

**ANSWER:** Plaintiff is not claiming psychiatric, psychological, or emotional injury other than the mental anguish of being wrongly physically abused by a police officer and wrongfully charged with a crime. Plaintiff did not seek treatment for her mental and emotional anguish.

9. Are you asserting any claims for lost wages or other lost income arising from injuries alleged in the Complaint? If so, please state:

a. the nature, basis, and extent of the lost wages or other income;

b. the manner in which any lost wage or income is calculated;

c. the name and address of all persons who have knowledge of these losses; and

d. list your annual income for the last three (3) calendar years, as reported to the United States Internal Revenue Service.

**ANSWER:** Plaintiff is asserting a claim for lost wages.

a. Plaintiff missed ~~two~~ *three* days of work because of her injuries and an additional two days of work for court appearances in the criminal case wrongly filed against her. Her lost wages amount to $539.52.

b. Plaintiff missed four days of work. She earns $16.86 per hour and works eight-hour days.

c. Plaintiff and Plaintiff's employer.

d. Plaintiff does not have that information at this time. Investigation continues.

7

10.     State, list, and itemize each item of expense, monetary loss or any other damage claimed by you in this section (other than lost income or wages as set forth in your answer to Interrogatory No. 12), and, with respect to such item, provide the following:

a.      the amount of each expense, monetary loss, or damage claimed;

b       how said amount as computed and the basis of said computation;

c.      identify the documents used in calculating each item of damage; and

d.      identify the individuals who will testify with respect to the item of damage.

**ANSWER:**     None.

11.     Do you have any continuing complaints or disabilities of any kind resulting from the occurrences alleged in your Complaint.  If so, please state:

a.      the nature of your complaint or disability:

b.      the frequency of the complaint or disability; and

c.      the medical or other treatment you are receiving or taking for the complaint or disability.

**ANSWER:**

a.      Plaintiff continues to have occasional pain and stiffness in her wrist.

b.      The pain and stiffness comes and goes, occurring approximately two times per month.

c.      When in pain, Plaintiff wears the splint or device to immobilize her wrist.

12.     Were you, or are you now, covered by insurance for any alleged injuries (physical or mental), losses or damages arising out of the incidents, or injuries which

8

form the basis for your Complaint? If so, state the following:

    a.     the name, address, and telephone number of the insurer(s);

    b.     the policy type(s) and number(s);

    c.     the amount of the claim(s); and.

    d.     the disposition of such claim(s),

**ANSWER:**   Plaintiff's medical insurance covered some of her medical expenses.

    a.

    b.     medical.

    c.     $1943.90

    d.     paid (partially)

13.    Do you intend to call any expert witnesses to testify at trial? If so, please comply with the expert disclosure requirements of Fed. R. Civ. P. 26(a)(2)(b)]

**ANSWER:**   Plaintiff does not intend to call any experts.

14.    Identify any statements, information and/or documents known to you and requested by any of the foregoing interrogatories which you claim to be work product or subject to any common law or statutory privilege, and with respect to each interrogatory, specify the legal basis for the claim as required by Federal Rules of Civil Procedure 26 and 33.

**ANSWER:**   None.

15.    Had you suffered any personal injury or prolonged, serious and/or chronic

illness prior to the date of the occurrence? If so, state when and how you were injured and/or ill, where you were injured and/or ill, describe the injuries and/or illness suffered, and state the name and address of each physician, or other health care professional, hospital and/or clinic rendering you treatment for each injury and/or chronic illness.

**ANSWER:** None.

16.  List the names and addresses of all other persons (other than yourself and persons heretofore listed) who have knowledge of the facts of the occurrence and/or the injuries and damages claimed to have resulted therefrom.

**ANSWER:** None.

17.  List the names, addresses, and phone numbers of all persons with whom Plaintiff spoke on her cell phone while in the vehicle prior to her arrest on May 19, 2011.

**ANSWER:** Chenell Watkins.

18.  Have you ever been involved in any civil action, either as a defendant, respondent, or plaintiff, in a court or administrative agency? If so, state:

a.  The date, court and docket number of each action filed;

b.  The name of the Parties involved and the attorneys representing each party;

c.  Describe the nature of each such action;

d.  The disposition of each such action whether or not there was an appeal, and if so, the result thereof, including the name and citation of each case; and

e.  The amount of any settlement or judgment obtained in each such case.

**ANSWER:** Yes.

a.     Cook County Circuit Court Case No. 09 CH 16623.  Filed May 11, 2009.

b.     BAC Home Loans Servicing & Countrywide Home Loans Servicing v.
Dawn Davis & Bessie Davis.  Attorneys for Plaintiff: Pierce & Associates.  Attorney for
Defendants: Pro se.

c.     Foreclosure.

d.     Judgment of foreclosure was entered on January 19, 2013.  No appeal
has been taken.

e.     N/A

19.     Are you presently, or were you ever, married, and if so, state the name
and address of your spouse, the date and place where your marriage took place; if you
and your spouse are presently separated, please list your spouse's present address
and date when the separation occurred or, if you or your spouse have filed for divorce
or are divorced, the court and state where the divorce action is pending and the date
upon which the complaint for divorce was filed.

**ANSWER:**     Plaintiff objects to this interrogatory as overly broad and not
reasonably calculated to lead to material or otherwise admissible evidence.  There is no
loss of consortium or society claim complained of in this case.  That being said, Plaintiff
is not now married, nor has she ever been.

20.     Do you have any children, if so, state their full names, birth dates and
present residence addresses of your children; identify the mother of each of your
children.  "Identify" means to state: (i) his/her full name; (ii) present residence address
or last known residence and telephone number (iii) his/her present or last known
employer and address of such employer; and, (iv) whether the individual was ever

11

employed by any party to this action, and if so, the name of such party, the inclusive dates of the individual's employment by such party and the last position held by the person as an employee of such party.

**ANSWER:** Plaintiff objects to this interrogatory as overly broad and not reasonably calculated to lead to material or otherwise admissible evidence.

21. Were any photographs, tapes (video or audio), slides, movies, pictures, drawings, demonstrative exhibits, or any other representations, which are related to the allegations of the Second Amended Complaint filed by you in this matter, made or taken; if so, state and identify (1) the date(s) on which the photoraphs, tapes (video or audio, slides, movies, pictures, drawings, demonstrative exhibits or any other representation were made or taken, (2) who made or took the photographs, tapes (video or audio), slides, movies, pictures, drawings, demonstrative exhibits or any other representations, and (3) who now has custody of such photographs, tapes (video or audio), slides, movies, pictures, drawings, or other representations.

**ANSWER:** Plaintiff took pictures of her wrist with her cell phone, which is now broken. Copies of the photos may have been saved to a computer by Plaintiff's daughter. Investigation continues.

22. From May 19, 2011, to the present, have you been enrolled in Medicare? If so, please provide your Medicare personal identification number.

**ANSWER:** No.

23. Do you currently, or have you ever maintained, any identity or virtual presence on the internet under your own name or any pseudonym or alias, such as an

e-mail account or on a blog or on YouTube or on a social networking site including, but not limited to, "Facebook," "MySpace," "Twitter," "LinkedIn," or "Friendster?" If your answer is in the affirmative, state your identification thereon, how long you have maintained any identify or virtual presence, your password, identify any groups you belong to within these websites and specify the time period for which you belonged to said group or groups. Furthermore, you are requested pursuant to Federal Rule of Civil Procedure 34 not to alter, amend, delete or destroy any electronically stored data currently or previously stored thereon, including for example, metadata.

> **ANSWER:** Plaintiff objects to this interrogatory as an undue invasion into her privacy and as overly broad and not reasonably calculated to lead to material or otherwise admissible evidence. That being said, Plaintiff does not maintain a presence on any social or professional networking websites.

24. Had you consumed any alcoholic beverage or street or illegal drugs within twelve (12) hours immediately prior to your encounter with Chicago Police officers on or about May 19, 2011? If so, state the names and addresses of the persons from whom it was obtained, when and where it was consumed, the particular kind and amount of alcoholic beverage or drug you consumed; and the name and current residence address of all persons known by you to have knowledge concerning that consumption of alcoholic beverages and/or drugs by you.

> **ANSWER:** Plaintiff had not consumed any alcoholic beverages within twelve (12) hours immediately prior to her encounter with Chicago Police officers on or about May 19, 2011.

13

25. Please describe your whereabouts (physical locations and activities) during the four (4) hours preceding your encounter with Chicago Police officers on or about May 19, 2011, and continuing through until the time you encountered Chicago Police officers an or about May 19, 2011. For each location/activity, list the names, last known address and phone number of each person present at or with knowledge of your presence at each location/activity.

**ANSWER:** Plaintiff and Vennit Carlvin were visiting Plaintiff's mother, Bessie Davis, at ~~████████████████████████████████████████~~

14

Dawn Davis, by One of her attorneys,

Geneva L. Penson
Attorney No. 6275680
Law Office of Geneva L. Penson, LLC
52 W. Downer Pl., Suite 301
Aurora, Illinois 60506-6113
(630) 844-6960

John C. Greenlees
Atty No. 6196135
P.O. Box 392
Brookfield, IL 60513
(708) 387-9517

## AFFIDAVIT OF DAWN DAVIS

I, Dawn Davis, being first duly sworn on oath, declare and state that the statements set forth in the foregoing interrogatory answers are true and correct to the best of my knowledge, except as to matters herein stated to be on information and belief and as to such matters I declare and state that I verily believe the same to be true.

Dawn Davis, Plaintiff

SUBSCRIBED AND SWORN TO BEFORE ME
on May 24, 2013.

NOTARY PUBLIC

OFFICIAL SEAL
MICHAEL ANTHONY MADDOX
Notary Public - State of Illinois
My Commission Expires Jul 18, 2016

## CERTIFICATE OF SERVICE

I hereby certify that I have served the listed parties with PLAINTIFF'S

ANSWERS TO DEFENDANT JAEHO JUNG'S FIRST SET OF INTERROGATORIES

TO PLAINTIFF by placing them in the U.S. Mail at 525 N. Broadway, Aurora, Illinois

60505, on May 25, 2013.

Scott Cohen
Thomas Auman
Marion Moore
City of Chicago Department of Law
30 N. LaSalle St., Suite 900
Chicago, Illinois 60602

GENEVA L. PENSON
Attorney No. 6275680
Law Office of Geneva L. Penson, LLC
52 W. Downer Pl., Suite 301
Aurora, Illinois 60506-6113
(630) 844-6960

# EXHIBIT J

**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAWN DAVIS, | ) | |
| | ) | Case No. 12 C 5843 |
| Plaintiff, | ) | |
| | ) | Judge St. Eve |
| vs | ) | |
| | ) | |
| OFFICER JUNG, UNKNOWN OFFICER, and | ) | Magistrate Judge Gilbert |
| THE CHICAGO POLICE DEPARTMENT | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S POSITION ON DISMISSAL OF THE *MONELL* CLAIM

NOW COMES the Plaintiff, DAWN DAVIS, by her attorney, Geneva L. Penson, and pursuant to the instruction of this court, files her position regarding dismissal of the *Monell* claim.

Plaintiff does not intend to dismiss the *Monell* claim at this time, as the parties have not yet conducted sufficient discovery relative to the claim. Defendant City of Chicago has not yet answered Plaintiff's interrogatories. In addition, although plaintiff asked in written discovery for Defendant Jung's personnel file, including the record and disposition of official complaints against Jung, Defendant Jung failed to provide that documentation during written discovery. Plaintiff continues investigation relative to this claim.

/s/Geneva L. Penson
GENEVA L. PENSON
Attorney No. 6275680
Law Office of Geneva L. Penson, LLC
52 W. Downer Pl., Suite 301
Aurora, Illinois 60506-6113
(630) 844-6960

COUNSEL FOR THE PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed PLAINTIFF'S POSITION ON DISMISSAL OF THE *MONELL* CLAIM with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, which will automatically send notice to the following CM/ECF users:

Scott Cohen
Thomas Auman
Marion Moore
City of Chicago Department of Law
30 N. LaSalle St., Suite 900
Chicago, Illinois 60602


/s/ Geneva L. Penson
GENEVA L. PENSON
Attorney No. 6275680
Law Office of Geneva L. Penson, LLC
52 W. Downer Pl., Suite 301
Aurora, Illinois 60506-6113
(630) 844-6960

COUNSEL FOR THE PLAINTIFF

# EXHIBIT K

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DAWN DAVIS, | ) | |
| | ) | Case No. 12 CV 05843 |
| Plaintiff, | ) | |
| | ) | JUDGE AMY ST. EVE |
| vs. | ) | |
| | ) | |
| OFFICER JUNG, UNKNOWN OFFICER, and | ) | |
| THE CHICAGO POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CITY OF CHICAGO'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant City of Chicago ("City"), by Stephen R. Patton, Corporation Counsel for the City of Chicago, for its Response to Plaintiff's First Request for Production of Documents, states the following:

### Requests for Production

1. Any and all documents which are in your possession concerning the series of incidents described in the Complaint which encompasses both the incident which led to police presence or response at the scene and subsequent investigation of the shooting by any person or organization. This includes but is not limited to:

   a. any and all reports or forms describing any aspect of these events;
   b. any and all incident reports;
   c. any and all tickets or citations;
   d. any and all evidence reports, logs, or documentation concerning seized property or evidence;
   e. statements and/or interviews of witnesses, informants, the Plaintiff and any police officers or other persons who had any role or contact with the case inclusive of both the issuance and the execution of any search warrant;
   f. any and all audio or video recordings, including radio communications and surveillance cameras in the vehicles and any pictures, videos, or other media taken at the scene or during the interview of witnesses by any organization or person; and

**RESPONSE**: The City objects to this request for production as overbroad, unduly burdensome,

vague and ambiguous (e.g. as to "series of incidents"), and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the City refers Plaintiff to the documents produced with Defendants' Rule 26(a)(1) Initial Disclosures. Responding further, the City states it will produce Log No. 1057293, upon receipt and subject to entry of an appropriate protective order.

2. Any and all documents that comprise or are part of the personnel files of Defendant Jung, including his disciplinary record, "201" (or similar such) file, and any other documents in the possession of Defendant City that concerns his hiring, training, duties, performance, assignments, complaints, and mental and physical condition including but not limited to training in the use of force.

**RESPONSE:** The City objects to this request for production as overbroad, unduly burdensome, vague and ambiguous (e.g. as to "201" file), not reasonably calculated to lead to the discovery of admissible evidence, calling for the disclosure of personal information of Officer Jung that may present a safety and security concern for him and his family, and calling for documents that may be protected by the physician/patient and or physician/therapist privilege. Subject to and without waiving these objections, the City states it will produce Officer Jung's current Employee Complaint History, complimentary history, and training history printout, subject to entry of an appropriate protective order.

3. Any and all documents concerning or at all relevant to any formal or informal complaints made against or about Defendant Jung, from any source and concerning any subject matter. This includes, but is not limited to:

    a. documents concerning all complaints and other disciplinary or police review of activities listed for Defendant Jung, in the file maintained by the Internal Affairs Bureau or any other division of the Village or Police Department;
    b. the complete documents concerning each incident listed on the disciplinary records of Defendant Jung;
    c. the complete documents concerning all complaints and other disciplinary or internal police review of activities maintained by the Village concerning any and all officer-related use of excessive force, including specifically, but not limited to, those involving Defendant Jung;
    d. all information contained in the computers maintained by the Internal affairs

Bureau of the City of Chicago Police Department or any other division of the Village Police Department concerning the complaints made against the Defendant, including but not limited to the information which is retrievable by computer codes; and

e.  any "201" or similar such file on Defendant.

**RESPONSE**: The City objects to this request for production as overbroad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the City states it will produce Officer Jung's current Employee Complaint History, subject to entry of an appropriate protective order.

4.  For the period January 1, 2008 to the current date all police guidelines, directives, policy statements, procedures and training materials, policy or procedure manuals, in any form and of any type, concerning police policy, custom or practice regarding:

a.  discipline of police officers generally;
b.  specific discipline for the violation of constitutional rights;
c.  procedures concerning the use of restraints during arrests;
d.  procedures for the use of force in defense of an officer;
e.  procedures for the use of force in response to "spitting" or other non-life-threatening actions by arrestees; and
f.  procedures for obtaining medical treatment or evaluation of prisoners;

**RESPONSE**: The City objects to this request for production as overbroad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the City states it will produce the Chicago Police Department directives responsive to this request upon receipt from the police department.

5.  Copies of all Internal Affairs Bureau annual reports and case logs from January 1, 2008 to date.

**RESPONSE**: The City objects to this request for production as overbroad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

6.     Any and all documents concerning audits, reports, evaluations, consulting studies and/or similar reviews of the performance of your Internal Affairs Bureau, whether by evaluators or other persons within or from without your Department, from January 1, 2008 to date including but not limited to such documents relating to the use of force against arrested subject.

**RESPONSE**: The City objects to this request for production as overbroad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

7.     Any and all photographs or video of the Plaintiff or any other person arrested with, or in the presence of, plaintiff, and images of any vehicles involved in the incident which forms the basis for the instant complaint.

**RESPONSE**: The City objects to this request for production as overbroad, vague and ambiguous (e.g. "in the presence of"), and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the City refers Plaintiff to the mug shots tendered with Defendants' Rule 26(a)(1) Initial Disclosures, Bates-stamped as FCRL 000022-000023.

8.     Any and all policy or procedure manuals delivered to officers since 2008.

**RESPONSE**: The City objects to this request for production as overbroad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the City refers Plaintiff to the Chicago Police Department online directives at www.directives.chicagopolice.org.

9.     A list of any and all training or other instructions, including restraint-related instruction or use of force instruction, offered, advertised, attended or otherwise made available to Chicago Police Officers since 2008.

**RESPONSE**: The City objects to this request for production as overbroad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

10.     A list of any and all training or other instruction attended by Defendant June,

whether offered, coordinated, supervised, or monitored by the City of Chicago relating to his duties as a police officer including restraint-use, use of force, or related instruction.

**RESPONSE:** The City objects to this request for production as overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the City states it will produce Officer Jung's training history printout, subject to entry of an appropriate protective order.

11. A complete copy of all reports and video tendered to the State's Attorney in prosecution of the plaintiff, including specifically all video surveillance files tendered and/or maintained from the lockup area during the event in question.

**RESPONSE:** The City objects to this request for production as overbroad, vague and ambiguous, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and calling for documents in the possession of third parties.

12. All booking documentation and lockup documentation regarding the plaintiff during this incident including both sides of all booking and lockup forms.

**RESPONSE:** The City objects to this request for production as overbroad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the City refers Plaintiff to the arrest report, fingerprints sheet, inventory sheets, and mug shots produced with Defendants' Rule 26(a)(1) Initial Disclosures, Bates-stamped as FCRL 000001-000005 and 000016-000023.

**DATED: February 22, 2013**

Respectfully submitted,

STEPHEN R. PATTON

Corporation Counsel
City of Chicago

By:                                            
MARION MOORE
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-8364
(312) 744-6566 (Fax)
Atty. No. 06302566

## CERTIFICATE OF SERVICE

I hereby certify that I have served this notice and the attached document by causing it to be emailed to John Greenless at greenlees1@aol.com this 22nd day of February 2013.

By:                                            
MARION MOORE
Assistant Corporation Counsel