**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAWN DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12 C 5843 |
| v. ) | |
| ) | Judge Amy J. St. Eve |
| OFFICER JAEHO JUNG, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

The Court grants Defendant City of Chicago's summary judgment motion and dismisses the unknown police officer as a Defendant to this lawsuit [54].

**STATEMENT**

On July 24, 2012, Plaintiff Dawn Davis brought a four-count Complaint against Defendants Chicago police officer Jaeho Jung, an unknown Chicago police officer, and the City of Chicago[1] alleging Fourth Amendment excessive force and false arrest claims against Defendant Officer Jung (Counts I and II), a failure to intervene claim against the unknown police officer (Count III), and a municipal liability claim pursuant to *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed. 611 (1978), against the City of Chicago (Count IV). *See* 42 U.S.C. § 1983. Before the Court is Defendant City of Chicago's motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56(a) in which the City seeks judgment on the *Monell* claim as alleged in Count IV and dismissal of the unknown Chicago police officer as a Defendant to this lawsuit, along with the failure to intervene claim against him in Count III. For the following reasons, the Court grants the City's motion and dismisses the unknown police officer as a Defendant to this lawsuit.[2] The only claims remaining in this lawsuit are Plaintiff's Fourth Amendment excessive force and false arrest claims against Defendant Officer Jung as alleged in Counts I and II of the Complaint.

---

[1] Plaintiff names the Chicago Police Department as a Defendant, but in her Complaint she properly alleges that Defendant is the City of Chicago. (R. 1, Compl. ¶ 5.) Indeed, the Chicago Police Department is not a suable entity because it does not have a separate legal existence from the City of Chicago. *See Chan v. Wodnicki,* 123 F.3d 1005, 1007 (7th Cir. 1997); *Gray v. City of Chicago,* 159 F.Supp.2d. 1086, 1089 (N.D. Ill. 2001).

[2] The City is a necessary Defendant to this lawsuit for indemnification purposes. *See* 745 ILCS 10/9-102.

**BACKGROUND**

Because the parties do not present the facts surrounding Plaintiff's arrest in their Rule 56.1 Statements — but instead focus on Plaintiff's *Monell* claim — the Court turns to Plaintiff's Complaint to give context to this Order. In her Complaint, Plaintiff alleges that on May 19, 2011, Chicago police officers stopped a vehicle in which she was a passenger. (R. 1, Compl. ¶ 6.) According to Plaintiff, after the driver produced his driver's license and proof of insurance, two Chicago police officers, including Defendant Officer Jung, approached the passenger side of the vehicle at which time Officer Jung yelled at Plaintiff to get off of her cell phone and get out of the car. (*Id.* ¶¶ 7-10.) Plaintiff maintains that while she was finishing her cell phone conversation and attempting to open the broken car door, Officer Jung yanked the car door open and forcefully grabbed her arm. (*Id.* ¶ 11.) Further, Plaintiff asserts that Officer Jung yelled at her, pushed her head on the car, forced her to spread her legs, and forced one arm behind her back resulting in an injury to her wrist. (*Id.* ¶¶ 12, 19.) Plaintiff also alleges that Officer Jung then placed handcuffs on her causing additional pain. (*Id.* ¶ 13.) Thereafter, Plaintiff states that Officer Jung took her to the police station and charged her with obstruction. (*Id.* ¶ 18.) After two court appearances, Plaintiff contends that her obstruction charged was dismissed. (*Id.* ¶ 20.)

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted). "A plaintiff must begin to meet this burden by submitting admissible, supporting evidence in response to a proper motion for summary judgment." *Harney v. City of Chicago,* 702 F.3d 916, 925 (7th Cir. 2012).

**ANALYSIS**

**I.      Monell Claim**

First, the City argues that Plaintiff has failed to present evidence establishing a genuine dispute as to any material fact underlying her *Monell* claim. To establish liability against the City, Plaintiff "must show the existence of an 'official policy' or other governmental custom that not only causes but is the 'moving force' behind the deprivation of constitutional rights." *Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012). Plaintiff can demonstrate this

requirement through: (1) an actual official policy; (2) a practice or custom that, although not officially authorized, is widespread and well-established; or (3) a deliberate act from a decision maker with final policy-making authority. *See Gonzalez v. Village of West Milwaukee*, 671 F.3d 649, 664 (7th Cir. 2012); *King v. Kramer,* 680 F.3d 1013, 1020 (7th Cir. 2012).

Plaintiff bases her *Monell* claim on the City's alleged failure to discipline Officer Jung pursuant to *City of Canton v. Harris,* 489 U.S. 378, 388-89, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), and its progeny. To establish a failure to discipline claim under *Monell*, Plaintiff must provide proof of the City's deliberate indifference. *See Hollins v. City of Milwaukee*, 574 F.3d 822, 827 (7th Cir. 2009); *Sornberger v. City of Knoxville, Ill.,* 434 F.3d 1006, 1029 (7th Cir. 2006). "This proof can take the form of either (1) failure to provide adequate training in light of foreseeable consequences; or (2) failure to act in response to repeated complaints of constitutional violations by its officers." *Sornberger,* 434 F.3d at 1029-30; *see also Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007).

Plaintiff attempts to establish the City's deliberate indifference by arguing that the City failed to discipline Officer Jung in response to numerous citizen complaints against him. In support of her argument, Plaintiff relies upon the citizen complaints against Officer Jung as evidenced by his Chicago Police Department, Five Year Employee Complaint Register History ("CR File").[3] (R. 62, Pl.'s Rule 56.1 Stmt. Add'l Facts ¶¶ 1-17.) Although Officer Jung's CR File reflects that some of the reported incidents were unsustained and unfounded, other incidences are still active. (*See id*.; Ex. A.) Nevertheless, Officer Jung's CR File does not reference the investigations associated with the complaints, the details concerning the substance of the complaints, and the reason why the investigations reached certain outcomes.

Even when viewing this evidence in Plaintiff's favor, her reliance on Officer Jung's CR File does not raise a genuine issue of material fact that there is a widespread custom or policy pursuant to which the City of Chicago fails to discipline police officers for violating arrestees' constitutional rights. *See Sornberger,* 434 F.3d at 1029-30. "When a plaintiff chooses to challenge a municipality's unconstitutional policy by establishing a widespread practice, proof of isolated acts of misconduct will not suffice; a series of violations must be presented to lay the premise of deliberate indifference." *Palmer v. Marion County,* 327 F.3d 588, 596 (7th Cir. 2003); *see also Oklahoma City v. Tuttle,* 471 U.S. 808, 831, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) (Brennan, J., concurring in part and concurring in judgment) ("To infer the existence of a city policy from the isolated misconduct of a single, low-level officer, and then to hold the city liable on the basis of that policy, would amount to permitting precisely the theory of strict respondeat superior liability rejected in *Monell*."); *see, e.g., Montano v. City of Chicago*, 535 F.3d 558, 570-71 (7th Cir. 2008) (plaintiffs' evidence of deliberate indifference that was limited to one police officer did not establish widespread practice). Although isolated acts may satisfy *Monell* if the acts are attributable to a final policy maker, Plaintiff has not set forth any evidence

---

[3] Plaintiff also references the lawsuit *Anderson v. Chicago,* No. 08 C 5763 (N.D. Ill.), in which Officer Jung is a defendant.

that Officer Jung had any such authority. *See City of St. Louis v. Praprotnik,* 485 U.S. 112, 123, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988) (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)); *Sims v. Mulcahy,* 902 F.2d 524, 543 (7th Cir. 1990).

Construing the evidence and all reasonable inferences in Plaintiff's favor, she has failed to present sufficient evidence raising a genuine issue of material fact for trial that the City had the requisite "deliberate indifference" to support her *Monell* failure to discipline claim. *See Celotex Corp.,* 477 U.S. at 322 (Rule 56 "mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." ). The Court therefore grants Defendant's summary judgment motion in regard to Count IV.

## II.     Unknown Officer

Next, the City argues that the Court should dismiss the unknown police officer as a Defendant to this lawsuit. Indeed, Plaintiff has failed to identify this officer within the applicable two-year statute of limitations for Section 1983 claims. *See Gomez v. Randle,* 680 F.3d 859, 864 (7th Cir. 2012) ("the statute of limitations for a § 1983 claim in Illinois is two years"). As the Seventh Circuit teaches, a "potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose." *Joseph v. Elan Motorsports Tech. Racing Corp.,* 638 F.3d 555, 560 (7th Cir. 2011) (citations omitted).

It is undisputed that the events underlying Plaintiff's false arrest and excessive force claims occurred on May 19, 2011, and that Plaintiff has yet to identify the unknown police officer over two years later. Also, no summons has issued against the unidentified officer, and therefore, Plaintiff has failed to fulfill the service requirements under Rule 4(m). Plaintiff gives no explanation why she has not identified the unknown officer or served that officer. In fact, Plaintiff fails to address the City's argument in her response brief. *See Steen v. Myers,* 486 F.3d 1017, 1020 (7th Cir. 2007) (absence of discussion amounts to abandonment of claims). As such, the Court grants the City's summary judgment motion in this respect and dismisses the unknown police officer as a Defendant from this lawsuit. The Court also dismisses Plaintiff's failure to intervene claim as alleged in Count III of the Complaint against the unknown officer.

**Dated:** February 10, 2014

                                                 **AMY J. ST. EVE**
                                                 **United States District Court Judge**